Jackson, J.
It appears, from the judge’s report of the evidence at the trial, that the conduct of the defendant, which is complained of, arose from ignorance of the law, and not from any corrupt or ■malicious intentions. It is also difficult to imagine any considerable injury which the plaintiff could sustain, by being arrested a few hours earlier than by law he should have been.
* Under such circumstances the Court would go as far as possible, consistently with principles of law, in protecting a magistrate; as, on the other hand, when a magistrate, with improper motives or designs, wilfully abuses the power which is intrusted to him, the law will scrutinize his conduct with more severity than that of a private citizen, and will subject him to exemplary punishment.
We may throw out of the case the opinion delivered by the defendant to the proposed sureties, as to the extent of their liability. The opinion seems to have been given honestly, although without a competent knowledge of the subject. The plaintiff might as well sue any other of his neighbors, whose advice should have been asked, and whose law knowledge was not extensive or accurate enough to give correct information.
The question to be decided is, whether an action of trespass lies against a justice of the peace who issues execution in a civil action within twenty-four hours after entering up judgment. A judicial officer, acting honestly in a case where he has jurisdiction of the matter and of the persons, is not liable to the suit of the party prejudiced by his mistake of the law. But the question returns, whether this is a judicial act. The plaintiff contends that it is merely a ministerial act, like the issuing of an execution by the clerk of this Court. After the justice has entered judgment and adjourned his court, he is no longer acting as a judge in that cause. There is not in our judicial proceedings a formal award of execution entered on the record. When a judgment is duly entered, the law awards the execution.
The statute of 1783, c. 58, § 1, enacts that the party obtaining judgment in a civil action, in any court of judicature within this commonwealth, shall be entitled to have his execution thereon, at any time after the expiration of twenty-four hours, and within one year next after the entering up of such judgment. There is no judicial discretion to be exercised on the subject; the party may demand it of right, within the limitations as to time prescribed by the statute; and there can be no doubt that héf might maintain *355 an action * against the clerk of any court who should [ * 358 ] refuse, in such a case, to issue the execution.
By the same section of the statute just cited, it is enacted that, when an execution is returned not fully satisfied, “ the clerk of the court from whence, or the justice from whom, such execution issued, shall, upon application of the creditor, make out an alias or pluries execution,” &.c. Here is manifestly no discretion to be exercised; and it is further observable that the justice of the peace, and the clerk of any other court, are put upon the same footing in this respect. They seem both to be considered as merely ministerial officers of the court in which the judgment has been rendered. It is not to be presumed that the legislature, in this statute, considered the justice as acting in a different capacity when issuing the original execution, from that in which he acts when issuing an alias or pluries, as required in the same section.
We are therefore of opinion that the issuing of the execution, in mis case, was a ministerial act of the defendant, for which he is liable to the party injured, in like manner as the clerk of any other court would be who should, without any express order of the court, issue an execution contrary to the provisions of the statutes.
If any such action can be sustained against a justice, there is no doubt that the defendant is liable on the facts stated in this report. The statute already cited might be thought sufficiently explicit on this point. But it is still more decisively settled by the statute of 1784, c. 28, which prescribes the forms of writs in civil causes, and the mode of judicial proceedings therein, before justices of the peace, as well as other courts. By the fifteenth section of this statute, it is enacted “ that execution shall not issue, in any case, until the expiration of twenty-four hours after the entering up of judgment.” As far as respects this question, it is as if there were no judgment subsisting, until the expiration of the twenty-four hours. There is nothing, on which an execution could lawfully issue; and the defendant might as well have issued it before judgment was rendered, or after the expiration of the year.

Judgment on the verdict, 

(a)

*356 ADDITIONAL NOTE
[Acc. Flack vs. Ankery, 1 Bre. 144. — Hurst vs. Wichwire, 10 Wend. 102. — See Morgan vs. Brown, 6 Nev. & M. 57.— Daniell vs. Phillipps, 1 C. M. & R. 612.— Wedge vs. Berkeley, 1 Nev. & P. 665. — Penny vs. Slade, 5 Bing. N. S. 469. — Governor vs. M’Affee, 2 Dev. 15.
A justice of the peace is not liable to an action for false imprisonment, for issuing a warrant without oath against a freeholder, unless it be proved that he acted mala fide. —■ Rogers vs. Mulliner, 6 Wend. 597.
Upon a complaint under the statute for the observance of the Sabbath, alleging that the party on Sunday u circulated a memorial to the legislature,” but not stating its purport or object, a magistrate issued a warrant, upon which the defendant was arrested and fined. Held, the magistrate was not liable to an action of trespass, though he might have erred in judging that the facts alleged fell within the statute. — Stewart vs. Hawley, 21 Wend. 552.
A justice of the peace, being .owner of a note payable to B. or bearer, brought an action upon it in the name of B. as bearer, returnable before himself; rendered judgment by default; issued an execution, and caused the defendant to be thereupon imprisoned. Held, he was liable to an action of trespass. — Dyer vs. Smith, 12 Conn. 384.
A justice, who renders judgment by default, after the legal time for so doing has expired, and without notice of the time of doing it to the defendant, is liable in trespass for the arrest of the party upon an execution, the proceedings after the time mentioned being coram non judice. — ibid.
So,‘where a justice renders judgment and issues execution, after his jurisdiction of the cause has ceased, as, e. g., by his not being present at the time and place to which it was continued; he is liable in trespass for an arrest of the defendant. — Spencer vs. Perry, 5 Shepl. 413.— See Martin vs. Fales, 6 Shepl. 23.
No presumption will be made in favor of the jurisdiction of a justice. — Dodge vs. Kellock, 1 Shepl. 136.
The defendant, a magistrate, meeting officers who had custody of the plaintiff on a charge of drunkenness, ordered him to be taken back to the lock-up house, and he would see him the next day. The plaintiff was kept confined till that time, and then ordered by the defendant to be fined. Held, the defendant was bound, either to examine the case, or, if he could not, not to interfere with it, but let the plaintiff be carried before another magistrate; and that he was liable to an action of trespass. —« Edwards vs. Ferris, 7 C. & P. 542. — Flack vs. Harrington, 1 Bre. 165 —F. H.]

 pn general, no action can be supported against a judge, or justice of the peace, acting judicially, within the limits of his jurisdiction, however erroneous his decision, or malicious his motive, (5 Mass. Rep. 547. — 1 N. H. 88. — 1 Salk. 306. — 2 D. & E. 225. — 5 D. & E. 186. —11 Johns. 114. —Lord R. 466.-6 D. & E. 449).— 3 M. & S. 325.—2 Bay. 169. — 4 Bibb, 28. — 3 Caines’s Rep. 170. —17 Johns. 145;) and no action lies, although the magistrate was not duly qualified to act. — 3 B. & A. 266. — And before an action can be brought against a justice of the peace for any thing done in the discharge of his duty, it must be proved that his attention was called to all the facts necessary to enable him to form a judgment as to the course he ought to have pursued. — 3 Bing. 85.—8 East, 113. — 3 Johns. Cos. 84. — In general, however, where there has been an excess of jurisdiction, trespass may be supportec *356 for any thing done thereunder, (17 Johns. 145. —19 Johns. 39. — 2 Johns. Cas. 49;) and, therefore, where a justice of the peace grants a warrant to apprehend a person foi felony without any information on oath, or without complying with such like requirements of the law, the party has a remedy against the justice by an action of trespass; (Morgan vs. Hughes, 2 D. & E. 225. — 1 Conn. R. 40. —11 Johns. 175. — 4 Conn. R. 107.— 31 Johns. 391.—1 Wend. 210. —12 Johns. 422.-2 Ch. R. 304. — 1 D. & R. 97;) so, too, if he grant a warrant without summoning or hearing the party. —12 East. 82. — 7 D. E. 275.— Couyp. 642. — An action for false imprisonment lies against a justice, who imprisons a party on a conviction founded on a commitment, differing therefrom in stating the offence. — Roger vs. Jones, 3 B. & C. 409.—5 D. fy R. 484. — And when a justice has no jurisdiction over the subject matter, trespass, or trover, where goods have been taken, is the proper form of remedy against him. — Hard. 483. — 1 B. & B. 432. — Meise vs. Vidall, 6 Munf. 27. — If a justice of the peace improperly refuse to act, where he should do so, an action on the case for a nonfeasance lies against him. — 3 B. & P. 551. — 1 Leon. 323. — Cro. Eliz. 196. — 3 Wils 342 — Cam. & Nor. 454. —11 Mass. Rep. 350.—Ed.]