JOHN D. NOXON *vs.* RODNEY HILL.

A magistrate who has rendered judgment for the plaintiff in an action pending before him, and, on request for an execution, has issued one which is invalid on its face, is liable for such damages as are the natural, necessary and proximate consequences of his wrongful act; but not for the costs of levying the execution, or losses to which the plaintiff has been subjected by reason of attempting to enforce it.

In an action against a magistrate to recover damages for his wrongful act in issuing an execution which was invalid on its face, he may show in mitigation that the condition and circumstances of the judgment debtor were such that nothing could have been collected upon a valid execution.

TORT against a magistrate. The substance of the third count in the declaration was that the plaintiff recovered judgment before the defendant against Samuel Dearing, and requested an execution, and the defendant issued one in which he was wrongfully described as " one of the trial justices," instead of " one of the justices of the peace," for Berkshire county; and that the plaintiff had committed the same for levy to an officer, who seized and sold certain property thereon, which was claimed by other persons, one of whom afterwards sued the plaintiff and the officer for taking it, and recovered judgment against them

by reason of the invalidity of the execution, for damages and costs, all of which, with other expenses, the plaintiff had been obliged to pay. The defendant filed a general demurrer in the superior court, which was overruled, and the defendant appealed.

At the trial before *Ames*, J., it appeared that the facts alleged in reference to the proceedings before the defendant as magistrate, and the issuing of the execution by him, and the proceedings of the officer thereon, were true; that Allen B. Palmer thereupon commenced a joint action against the plaintiff and the officer, to recover damages for a portion of the property taken on the execution, and prevailed, it being decided therein that the execution was invalid; (see *Palmer* v. *Crosby*, 11 Gray, ;) and the defendant offered to prove that Dearing, at the time when the execution was issued, had no property liable to be taken thereon, except to the amount of fifteen dollars in value. But the judge excluded this evidence, and ruled that the plaintiff was entitled to recover the amount of his original judgment against Dearing, with the cost of levying the execution, and the costs of the suit of Palmer against the plaintiff and the officer; and a verdict was returned accordingly, and the case was reported for the determination of this court.

*J. D. Colt*, for the defendant.

*I. Sumner*, for the plaintiff.

BIGELOW, C. J. The demurrer to the declaration was rightly overruled. The plaintiff is entitled to maintain his action to recover damages for the negligence and carelessness of the defendant in making out and issuing an execution, which was irregular and invalid. A magistrate is protected from liability for judicial acts done within the scope of his authority, but he is amenable for loss or damage occasioned by errors or omissions in the proper performance of duties which are in their nature purely ministerial, and involve no exercise of judgment or discretion. After the rendition of judgment, the law awards the execution, and the party entitled to it has a right to receive it in due and legal form, so that it may be used by him as an effective and valid process. If the magistrate fails to perform this duty, or in doing it is guilty of any omission or neglect

which renders the execution imperfect or invalid, he is liable for the damages which may arise therefrom. To issue an execution is to perform a ministerial act. *Albee* v. *Ward*, 8 Mass. 79. *Briggs* v. *Wardwell*, 10 Mass. 356. The third count in the declaration sets out in apt and precise words a good cause of action against the defendant for a breach of his duty in this particular, and the evidence at the trial clearly showed that the plaintiff was entitled to recover nominal damages. Through ignorance or carelessness, the defendant issued an execution which was irregular and invalid on its face, and as from such a violation of duty some damages are presumed to follow, the law will award a nominal sum, if no greater damages are proved. But beyond that, the plaintiff could recover only so much as was shown to have been the natural, necessary and proximate consequence of the negligent act of the defendant. He could not claim to recover speculative damages, or those which resulted from his own carelessness or negligence, or that of third persons. If he could prove that, by reason of the defective execution, he was unable to arrest the body of the debtor, or lost an opportunity to make a valid seizure or levy on his property, whereby he was deprived of an opportunity to collect his debt, he would have been entitled to recover substantial damages to the extent of his loss. But if it appeared that, on a valid execution, the plaintiff could not have collected the amount of his judgment, or any part of it, for the reason that the debtor had no estate which could be taken on execution, and was so poor that the arrest of his body, if it could have been made in conformity with law, would have been ineffectual to enforce payment, then it is clear that the plaintiff would have sustained no actual damages, and could recover only a nominal sum as the damages which the law would imply from the technical injury sustained by the plaintiff in consequence of the defendant's breach of duty. In an action of tort in the nature of trespass on the case, the plaintiff can recover only such sums in damages as will be an indemnity to him for the loss or injury of which he complains. It was therefore competent for the defendant to show that the judgment debtor was not the owner of any property which

could have been taken on execution in favor of the plaintiff, and that his condition and circumstances were such that the plaintiff could not have collected his debt on the execution, if it had been regular and valid. Such evidence had a direct and legitimate bearing on the question of damages, because it tended to prove that the plaintiff had sustained no actual injury or loss.

There was another and distinct element of damage included in the verdict of the jury, which in no aspect of the case could properly have been deemed a consequence of the irregular and careless acts of the defendant set out in the declaration. The plaintiff was allowed to recover the costs of levying the execution on property supposed to belong to the judgment debtor, and also the costs recovered in a suit against the plaintiff and the officer by one Palmer, for seizing said property, in which judgment was rendered against them on the ground that the execution was irregular and void on its face. The decisive objection to the recovery of this sum in damages is, that it is an attempt to hold the defendant liable for consequences to which the plaintiff's own unlawful and unauthorized acts contributed. If the execution was void on its face, the plaintiff and the officer were bound to know it. It afforded them no justification in seizing and selling property upon it — not even that of the judgment debtor. They were tort feasors in attempting to execute it. Although an action may be maintained against a magistrate in behalf of a person injured by the service of an execution which has been unlawfully and improvidently issued, he cannot be held liable to pay the costs and charges of serving a process void on its face, to those who have undertaken to enforce it. If the magistrate was bound to know the law, so too were the plaintiff and the officer. If it was culpable negligence in the former to issue an irregular and insufficient process, so it was in the latter to attempt to serve it by arresting the body or taking the property of the debtor. Each is responsible for the necessary and legitimate consequences of his own unlawful act, but neither of them can shift on to the other the burden of damages which appropriately attaches to acts for which each is separately responsible. *Verdict set aside.*