NATHANIEL S. FRANCIS & another *vs.* HALE S. HOWARD & others.

Suffolk.    March 6. — June 19, 1874.    WELLS & ENDICOTT, JJ., absent.

The affidavit necessary for the arrest of a debtor under the Gen. Sts. *c.* 124, § 5, is not required to be sworn to before a magistrate within the county in which the arrest is to be made, or in which the debtor has a residence or place of business.

An officer made a return of service on a notice that a debtor arrested on a mesne process desired to take the oath that he did not intend to leave the state. The return did not state where the service was made, except that it was headed with the name of the county for which the officer was appointed. The service was actually made outside of his precinct, but this objection was waived. Evidence was admitted that the service was made at a certain distance from the place of the hearing, and that there were places within the county equally distant. *Held,* that the evidence did not contradict the officer's return, and was rightly admitted.

If an insufficient notice has been given to a plaintiff to appear at the examination of a debtor arrested on mesne process, the appearance of the plaintiff's attorney at the time and place mentioned to examine the notice and return is not a waiver of the objection to the notice.

CONTRACT against the principal and sureties on a recognizance entered into by them under Gen. Sts. *c.* 124, § 10, upon the arrest of the defendant Howard on mesne process in a suit against him by the plaintiffs in this action.

At the trial in the Superior Court before *Devens,* J., the jury found for the plaintiffs, and the case was reported for the revision of this court, in substance as follows :

At the trial the defences relied upon were, that there had been no lawful arrest in the original action, and no breach of the recognizance.

The affidavit upon the writ, in the original action, purported to have been taken before a master in chancery in Suffolk County ; and upon this affidavit the arrest was made in Norfolk County. The defendant in the original action did not reside or have any place of business in Suffolk County at the time of the arrest. The court ruled that the arrest was legal.

When Howard was arrested he gave notice that he desired to take the oath that he did not intend to leave the state, and entered into the recognizance sued on, the condition being that he should within twenty days from the time of his arrest deliver himself up for examination, before some magistrate authorized

to act, giving notice of the time and place thereof in the manner provided by law.

To prove the breach of the recognizance, the plaintiffs introduced evidence tending to show that the only notice given to the plaintiffs of Howard's intention to take the oath mentioned in the recognizance, was served by an officer at twenty minutes past eleven o'clock in the forenoon of April 19, 1872, and that this stated that the examination was to take place at Randolph, in the county of Norfolk, which was fifteen miles from the place of service, at five o'clock in the afternoon of the same day.

It appeared incidentally at the trial that the notice was not served within Norfolk County, of which the officer was a deputy sheriff. The officer's return did not state the place of service, except that it was headed Norfolk, ss. The plaintiffs did not rely on or desire to prove that the place where the notice was served was without the officer's precinct, (as at the time of such service they waived objection thereto on that ground, though not on any other ground,) but only the fact that the service was made at a place fifteen miles from the place of hearing; but the defendants objected that this would be in contradiction of the officer's return. But, upon its being shown that there were various places within the officer's precinct, more than fifteen miles from the place of examination, the objection was overruled, and the plaintiffs proved the fact to be as contended for by them.

The defendants also contended that the notice had been waived by the plaintiffs. To enable this, which was the only question of fact, to be submitted to the jury, the above questions — the facts stated in connection therewith not being in dispute — were ruled *pro forma* against the defendants, upon the consent of parties that if the verdict upon the question of waiver should be against the defendants, the case should be reported to this court, and such verdict should stand and judgment be rendered thereon, or verdict set aside, and judgment rendered for the defendants as this court should order.

There was evidence tending to show that the attorney of the plaintiffs, in the original suit, who resided and had an office in the town and immediate neighborhood where the examination named in the notice was to take place, went in company with the magistrate who issued the notice, to the office where the exam-

ination was to be held, at about the time fixed therefor, and on arriving there asked to see the original notice, and the officer's return thereon ; that on reading the same, he told the magistrate, in the presence of the debtor and his attorney, that he did not propose to examine the debtor under that notice and return, and requested the magistrate to preserve the same, and immediately arose and left the office. The defendants requested the court to rule as matter of law, that this was a waiver on the part of the attorney of any objection to the notice or service thereof, and that no breach of the recognizance appeared upon the evidence herein before recited. The court declined so to rule. The defendants then introduced the notice and the officer's return thereon ; and also oral testimony bearing upon the question of waiver. The court submitted to the jury the question of waiver, under instructions not objected to, except as above stated.

*W. E. Jewell*, for the defendants.

*J. B. Harris*, (*J. F. Kilton* with him,) for the plaintiffs.

AMES, J. We see no reason to doubt the legality of the arrest of the debtor. Nothing contained in any statute upon the subject of arrest upon mesne process requires that the affidavit necessary for that purpose should be sworn to before a magistrate within the county in which the arrest is to be made, or in which the debtor resides or has his place of business.

It appears that the creditors had somewhat less than six hours' notice of the intended examination of the debtor, and that the distance from the place of service to the place of examination was fifteen miles. All objection to the sufficiency of this notice on the ground that it was served by an officer outside of the limits of his own county was expressly waived. But no other irregularity was waived, and the case stands substantially in the same position as if the parties had agreed that the place where the notice was served was within the county of Norfolk. It is manifest that no proper notice was given to the plaintiffs, if they were entitled to notice at the rate of not less than one day for every twenty-four miles of travel. Gen. Sts. *c*. 124, § 13. We see no reason why this objection to the notice may not be taken by the plaintiffs. They do not thereby contradict the officer's return, as that does not undertake to designate the place of service, except as being within his precinct. *Richardson* v. *Smith*, 1 Allen, 541

*Smith* v. *Randall*, 1 Allen, 456.   As there are places more than fifteen miles from the place of examination within his precinct, the distance from that place to the place of service may be shown.

The appearance of the plaintiffs' attorney to examine the notice and return was in no sense a waiver of the objection.   They are entitled for these reasons to        *Judgment on the verdict.*