## NORMAN SMITH *vs.* STEPHEN J. BEAN.

Worcester. Oct. 6, 1880. — Feb. 21, 1881. COLT & MORTON, JJ., absent.

The recital in the certificate of a magistrate, authorizing the arrest of a poor debtor, that " satisfactory cause " had been shown for the arrest, is not equivalent to the statement required by the Gen. Sts. c. 124, § 5, that " he is satisfied there is reasonable cause to believe " the charge contained in the affidavit on which the arrest is asked for is " true; " and does not warrant the arrest of the debtor.

If an arrest of a poor debtor is made without authority of law, a recognizance entered into in consequence of it is void.

CONTRACT upon a poor debtor's recognizance, entered into on December 31, 1878, under the Gen. Sts. c. 124, § 10, by Charles A. Kendall as principal, and the defendant as surety, and containing the usual conditions.

At the trial in the Superior Court, before *Dewey*, J., without a jury, it appeared in evidence that the plaintiff obtained an execution in due form in an action of contract against Kendall; that one McIlvene, in behalf of the plaintiff, made a certificate on the execution that there remained uncollected on the execution the

sum of twenty dollars exclusive of all costs, and that he believed and had good cause to believe that the judgment debtor had prop-erty not exempt from being taken on execution which he did not intend to apply to the payment of the plaintiff's claim; that a justice of the peace thereupon issued to Kendall a notice in due form, under the St. of 1877, *c.* 250, to appear before him for ex-amination, which was duly served upon Kendall and returned to the justice; that Kendall failed to appear for examination, and thereupon the justice made a certificate upon the execution, set-ting forth the application for the arrest of the debtor upon the first charge specified in the Gen. Sts. *c.* 124, § 5, the issuing and service of the notice, the failure of the debtor to appear for exam-ination, and that, "satisfactory cause having been shown, I here-by authorize the arrest of the said debtor if his arrest is author-ized by law;" that, by virtue of the execution and the certificates thereon, Kendall was arrested and brought before the justice, and entered into the recognizance in suit; that Kendall applied to a magistrate to take the oath for the relief of poor debtors; that the magistrate issued a notice to the creditor of Kendall's appli-cation; and that, at the time the notice was returnable, the cred-itor and Kendall appeared before the magistrate, and the hearing was continued until a subsequent time, when Kendall failed to appear.

Upon these facts, the judge ruled that the plaintiff could not maintain his action; and found for the defendant. The plaintiff alleged exceptions.

*J. E. Day*, for the plaintiff.

*F. T. Blackmer & M. H. Cowden*, for the defendant.

SOULE, J. The defendant's principal was arrested on execu-tion, at the request of the plaintiff, on the first charge specified in the Gen. Sts. *c.* 124, § 5. Until the magistrate is satisfied that there is reasonable cause to believe that such charge is true, the statute gives him no power to authorize an arrest. The cer-tificates on the execution are the only sources of evidence that the preliminary steps have all been properly taken, and that the arrest when made is duly authorized. The execution on which Kendall, the defendant's principal, was arrested, did not bear any certificate of the magistrate that the magistrate was satisfied that there was reasonable cause to believe that the charge on which

the arrest was asked for was true.  His certificate said nothing about this, but merely recited that, " satisfactory cause having been shown," he authorized the arrest.  This statement is not equivalent to what the statute calls for.  The papers must show affirmatively and directly that the requirements of the statute have been complied with.  It is not enough that the certificate makes statements from which it may be reasonably or probably inferred that what the statute requires has been done.  The debtor is entitled to freedom from arrest till the proper officer comes to him armed with a precept which shows clearly and un equivocally that the creditor has done all that is incumbent on him to obtain authority to arrest him, and has obtained that authority and proposes to execute it.  The arrest of Kendall having been made without authority of law, the recognizance which he and the defendant entered into in consequence of it was void; and the ruling that the plaintiff could not maintain his action was correct.  *Learnard* v. *Bailey*, 111 Mass. 160.

*Exceptions overruled.*