NEWMARKET NATIONAL BANK *vs.* JEROME B. CRAM & another.

Norfolk. January 24. — April 6, 1881. COLT & FIELD, JJ., absent.

A master in chancery, appointed for one county, has no power to authorize the arrest, in another county, of a debtor upon the first charge specified in the Gen. Sts. *c.* 124, § 5, on the failure of the debtor to appear for examination touching his estate after service of notice upon him, under the St. of 1877, *c.* 250; and a recognizance entered into in consequence of such arrest is void, and no action can be maintained upon it.

CONTRACT upon a poor debtor's recognizance, entered into under the Gen. Sts. *c.* 124, § 10, by the defendant Cram as principal, and the other defendant as surety, and containing the usual conditions. The case was submitted to the Superior Court,

and, after judgment for the defendants, to this court, on appeal, upon an agreed statement of facts, in substance as follows:

The plaintiff recovered a judgment against Cram, upon which execution issued. At the time of the recovery of the judgment, and ever since, Cram lived and had his usual place of business in Norfolk County, and has had no residence or place of business in any other county. After the execution was issued, the plaintiff, on June 6, 1879, applied to a master in chancery for Suffolk County, for a certificate authorizing the arrest of Cram on the execution, upon the first charge specified in the Gen. Sts. *c.* 124, § 5. The magistrate issued a notice, under the St. of 1877, *c.* 250, to Cram, to appear at his office in Boston, on June 16, 1879, at ten o'clock in the forenoon, and submit to an examination touching his estate. This notice was served by a deputy sheriff of Norfolk County on June 7, 1879, by delivering an attested copy thereof to Cram, in that county. Cram did not appear at the time and place fixed in the notice; and, on June 16, the magistrate made the certificate applied for as before stated, authorizing the arrest of Cram on said execution. On June 20, 1879, Cram was arrested on the execution by a deputy sheriff of Norfolk County in that county, and taken before a master in chancery for said county, and there entered into the recognizance sued on in this action. Cram caused the plaintiff to be notified of his desire to take the oath for the relief of poor debtors, at the office of the last-named magistrate, on July 19, 1879, at five o'clock in the afternoon. The examination was thence continued from time to time to November 22, 1879, at ten o'clock in the forenoon, at which time the plaintiff appeared, but Cram did not appear.

If, upon the foregoing facts, the plaintiff was entitled to recover, judgment was to be entered for the plaintiff for the penal sum of the recognizance, the sum for which execution should issue to be afterwards determined by the court or by the agreement of parties; otherwise, judgment for the defendant.

*H. N. Shepard,* for the plaintiff.

*F. D. Ely & A. W. Gates,* for the defendants.

SOULE, J. Before the enactment of the St. of 1877, *c.* 250, a debtor could be arrested on mesne process or execution, after the making of the affidavit required by the Gen. Sts. *c.* 124,

and such *ex parte* examination as satisfied the magistrate taking the affidavit that the charge contained in it was true. The statute contained no requirement that the affidavit should be made in the county where the debtor resided or had his place of business, or where the arrest was to be made. And it was held that therefore an arrest was valid, though the affidavit was made in another county than that where the debtor resided and was arrested. *Francis* v. *Howard*, 115 Mass. 236. That case is relied on by the plaintiff as establishing the lawfulness of the arrest of the judgment debtor in this case. But the St. of 1877, *c.* 250, entirely changed the character of the proceedings, when it is sought to obtain the arrest of the debtor on the first charge specified in § 5 of the Gen. Sts. *c.* 124. Since it was enacted and went into operation, no arrest is possible on that charge as of course. Before an arrest can be authorized the magistrate to whom application for authority to make it is made must cause a notice to be served on the debtor to appear before him, at a time and place therein fixed, and submit to an examination touching his estate. If the debtor appears and obeys all lawful orders and requirements made by the magistrate, the magistrate cannot authorize his arrest, and the creditor cannot within three years thereafter maintain an application for the arrest of the debtor on the same charge and cause of action. It is only after a failure of the debtor to appear or to obey the magistrate that he can be arrested.

It is clear that the proceedings when an arrest is sought on the first charge specified in § 5 of the Gen. Sts. *c.* 124, are, under the provisions of the St. of 1877, *c.* 250, of a judicial nature, and involve an application to a magistrate having jurisdiction in the premises, a notice from him in the nature of a summons to the debtor, and a trial in which the debtor is compelled to be a witness, and in which either party may produce any legal and pertinent evidence. § 2. The effect of what is done at that trial, on the rights of the parties, is a matter to be judicially determined by the magistrate, who will grant or refuse the certificate authorizing the arrest according to the conclusion which he arrives at.

The master in chancery is an officer appointed to act within a specified county, and, unless there be some statute authorizing

the exercise of his official functions beyond that county, his authority is confined within it. His jurisdiction, like that of a justice of the peace, is of limited extent, and nothing is to be presumed in its favor. In the absence, therefore, of any express provision of law authorizing him to send his process into other counties, requiring persons there dwelling to appear before him for examination in his county, he has no power over persons outside his county, and any adjudications and certificates made by him and based on the failure of such persons to obey such process, as on a default, is without authority and void. In *Tilley* v. *Damon,* 11 Cush. 247, this subject is fully considered in regard to the power of justices of the peace; and the doctrines there set forth are applicable to the case of masters in chancery.

The arrest of the judgment debtor Cram, in the case at bar, having been made in Norfolk County, where he resided, by virtue of a certificate of a master in chancery for the county of Suffolk, granted only because Cram did not appear for examination in answer to a summons or notice issued by the master in, and returnable in, Suffolk County, was unlawful, because the master had no jurisdiction of the debtor. The arrest being unlawful, the recognizance given by the debtor while under arrest was void, and no action can be maintained on it. *McGregor* v. *Crane,* 98 Mass. 530.

*Judgment for the defendants affirmed.*