JOHN MAY *vs.* WINTHROP M. B. HAMMOND & another.

Suffolk. Jan. 13. — Feb. 26, 1887. HOLMES & GARDNER, JJ., absent.

The recital in the certificate of a magistrate authorizing the arrest of a poor debtor, " that after due hearing I am satisfied, upon the evidence, that the charge made in said affidavit is true," is a sufficient compliance with the provision of the Pub. Sts. c. 162, § 17, requiring the magistrate to certify " that he is satisfied there is reasonable cause to believe" that the charge contained in the affidavit on which the arrest is asked for is " true ; " and warrants the arrest of the debtor.

CONTRACT upon a poor debtor's recognizance, entered into on May 24, 1884, under the Pub. Sts. c. 162, § 28, by the first-

named defendant as principal, and the other defendant as surety, and containing the usual conditions. Trial in the Superior Court, before *Blodgett*, J., who ruled that the action could not be maintained, and directed a verdict for the defendants ; and the plaintiff alleged exceptions. The facts appear in the opinion.

*B. C. Moulton*, for the plaintiff.

*M. Fischacher & S. J. Elder*, for the defendants.

FIELD, J. The defence in this case is that the recognizance is void, because the arrest is said to have been unlawful for the reason that the certificate of the magistrate authorizing the arrest did not conform to the requirements of the statutes. The affidavit was in proper form, but the magistrate certified " that after due hearing I am satisfied, upon the evidence, that the charge made in said affidavit is true," instead of certifying that " I am satisfied that there is reasonable cause to believe that the charge made in said affidavit is true." Pub. Sts. *c.* 162, § 17.

*Smith* v. *Bean*, 130 Mass. 298, decides that a recital in the certificate of the magistrate that " satisfactory cause " has been shown, is not equivalent to a statement that he is satisfied that there is reasonable cause to believe that the charge contained in the affidavit is true. The reason is, that the statutes require that the certificate of the magistrate shall show that there is reasonable cause to believe that the specific charges contained in the affidavit, or some of them, are true. See *Webber* v. *Davis*, 5 Allen, 393.

*Stone* v. *Carter*, 13 Gray, 575, is cited as deciding, among other things, that an affidavit under the St. of 1857, *c.* 141, § 17, is not sufficient to authorize an arrest on mesne process, if the affiant makes oath that " he believes said defendant has property not exempt from being taken in execution," &c., but does not also make oath that " he has reason to believe " this. The affidavit required was that of the plaintiff, or of some one in his behalf, and the oath of such a person that he believes a charge to be true was held not to be the same in substance as an oath that he both believes it, and has reason to believe it. See *Wood* v. *Melius*, 8 Allen, 434.

But the magistrate, in determining what is proved to his satisfaction, acts judicially upon evidence ; and we are of opinion

that he cannot judicially find and certify that he is satisfied, upon the evidence, that a charge is true, without finding that there is reasonable cause to believe it to be true, and that the certificate in this case necessarily involves the finding that there is, in the judgment of the magistrate, reasonable cause to believe that the charge is true.　　　　*Exceptions sustained.*