R. F. M. Atwood *vs.* Elbridge Wheeler & others.

Suffolk.   March 11, 1889. — May 6, 1889.

Present: Morton, C. J., Field, Devens, W. Allen, & Holmes, JJ.

*Poor Debtor — Arrest on Execution — Affidavit — Citation — Recognizance.*

The affidavit required by the Pub. Sts. c. 162, § 17, when a creditor applies for the arrest of his debtor on execution, is the foundation of the proceedings; and if such an affidavit, which is to the first charge therein specified, is not made until after the magistrate, as required by § 18 in case of such charge, issues notice to the debtor, and until after the return hour of the citation, the citation is issued without authority, the subsequent arrest of the debtor is illegal, and a recognizance entered into by him is void, and no action can be maintained upon it.

Holmes, J.   This is an action upon a poor debtor recognizance, given under the Pub. Sts. c. 162, § 28. The defendant Wheeler was arrested on an execution dated June 10, 1887. The affidavit required by the Pub. Sts. c. 162, § 17, was to the first charge there specified, that the debtor had property not exempt from being taken on execution, which he did not intend to apply to the plaintiff's claim. The citation required by § 18 in the case of that charge was issued on June 13, while the affidavit just mentioned was not made until June 17, after the

return hour of the citation. The defendant appeared after the return hour, and after he had been defaulted, submitted to arrest, and recognized. But it is found that there was no waiver, as he and his sureties were ignorant that the affidavit had not been made before his appearance, and believed that he was liable to arrest. See *Francis* v. *Howard*, 115 Mass. 236; *Lane* v. *Holman*, 145 Mass. 221, 223.

We see no ground to disturb this finding, so that the only question is whether the citation was issued without authority and the arrest was illegal, in which case the recognizance is void. *Smith* v. *Bean*, 130 Mass. 298. *Newmarket National Bank* v. *Cram*, 131 Mass. 204.

It is argued that issuing notice is only a ministerial act, and is shown to be so by the fact that it may be done by justices of the peace, except in the county of Suffolk, although they are denied authority to examine the debtor (§§ 18, 27). The affidavit, on the other hand, it is said, and proving to the satisfaction of the magistrate, as required by § 17, go together, and the affidavit is evidence which does not become important until the time comes to settle the judicial question whether the proof is made out and a certificate authorizing the arrest of the debtor ought to issue.

But even the power to issue notice is confined, by § 18, to magistrates authorized by §§ 17, 1, to issue a certificate authorizing an arrest. Justices of the peace, except in Suffolk, are authorized to issue such a certificate in any case not requiring notice, that is to say, upon any charge except the first, and upon the first if there is an affidavit and proof that there is good reason to believe that the debtor intends to leave the State (§§ 17, 25). *Frost's case*, 127 Mass. 550, 552. *Carleton* v. *Akron Sewer Pipe Co.* 129 Mass. 40, 42. In all these cases their function is judicial, so that the argument based upon their power to issue notice does not amount to much.

On the other hand, a reading of § 17 and the reason of the thing make it very plain that the affidavit is the foundation of the proceedings for arrest after the execution is issued. The affidavit determines what the charge is, and whether notice is necessary. The charge does not exist until the affidavit is made in which it is " contained," in the language of § 17. Until the

charge is made, the magistrate cannot entertain an application for a certificate, because the certificate applied for is " that he is satisfied there is reasonable cause to believe the charges therein [i. e. in the affidavit] contained, or some one of them, are true." The conclusion from the words of the statute is justified by good sense, as well as by the letter of the law. The making of the affidavit is some security to the debtor against being vexed with unfounded notices, which he would neglect at his peril, as in other cases it is some security against his being arrested illegally.

It is suggested that the papers in *Stewart* v. *Griswold,* 134 Mass. 391, disclose that the affidavit in that case was subsequent to the notice. But no such point was taken, or was open upon the report to this court. The ruling of the court below, that the recognizance was invalid, was correct.

*Judgment for the defendants.*

*T. E. Barry*, for the plaintiff.
*J. G. Robinson*, for the defendant.