WASHINGTON NATIONAL BANK *vs.* SAMUEL WILLIAMS.

Suffolk.   January 11, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Execution.   Waiver.   Poor Debtor.   Contract,* Construction.

In this Commonwealth it can be shown and determined in a collateral action that an execution was void because issued contrary to law.

The provision of Pub. Sts. c. 171, § 15, that no execution shall be issued within twenty-four hours after the entry of judgment is for the benefit of the judgment debtor and can be waived by him.

Whether an agreement in writing signed by a poor debtor is a waiver of the provision of Pub. Sts. c. 171, § 15, that no execution shall be issued within twenty-four hours after the entry of judgment is a question of law for the court.

The recognizance of a poor debtor is not void because he was arrested within twenty-four hours after the entry of the judgment against him if he signed an agreement in writing that judgment might be entered for the plaintiff and "execution issued forthwith."

CONTRACT, against the surety on the recognizance of one Joseph Dews, a poor debtor. Writ dated March 15, 1900.

In the Superior Court the case was tried before *Mason*, C. J., without a jury. The defence was that the execution on which Dews was arrested was void because served within twenty-four hours after entry of judgment in violation of Pub. Sts. c. 171,

§ 15, (R. L. c. 177, § 16.) · It appeared that on August 20, 1896, the following agreement in writing was made between the plaintiff, by his attorney, and Dews : " Commonwealth of Massachusetts. Suffolk, ss. Superior Court. Washington National Bank *v.* Joseph Dews. It is agreed in the above entitled cause that judgment may be entered for the plaintiff and execution issued forthwith for the amount of $4174.66 and costs. Charles H. Tyler, · plaintiff's attorney. Joseph Dews."

The plaintiff offered to prove the following facts : That Dews was a resident of Rhode Island and in the course of his business had occasion to come to Boston frequently, and so, to avoid arrest on mesne process at a more inconvenient time, he and his attorney in Rhode Island came to Boston on August 20, 1896, with the understanding with the plaintiff that Dews was to be arrested on execution to be issued on that day, that he was to make application to take the oath for the relief of poor debtors and was to enter into a recognizance with the defendant as surety, and that the above agreement for judgment, execution and arrest were made in carrying out this understanding. This offer of proof was made for the purposes : 1. To aid in construing the meaning of the word " forthwith " in the agreement for judgment entered into between the parties, and 2, to show a waiver by Dews of his rights under Pub. Sts. c. 171, § 15. ·

The judge excluded this evidence and ruled that it was not admissible.

The plaintiff requested the following rulings :

1. That on the whole evidence the plaintiff is entitled to recover.

2. That a defendant in an action can waive the benefit of the provisions contained in Pub. Sts. c. 171, § 15, and that Joseph Dews by his agreement that execution might issue forthwith did as a matter of law waive such provisions, and the execution issued on the same date pursuant to that waiver is a valid execution.

3. That the execution against Joseph Dews issued on August 20, 1896, is a valid execution, the arrest thereon legal, and the recognizance valid and binding on the defendant.

4. That the execution against Joseph Dews issued on August 20, 1896, was at the most only irregular and not void, and, an

arrest thereon having been made, the defendant in this action cannot take advantage of such irregularity.

5. That the pendency of the bankruptcy proceedings [against Dews] did not operate as a stay or continuance of the poor debtor proceedings, or in any manner affect the rights of this defendant.

6. That the poor debtor proceedings were conducted in due form and according to law, and the condition of the recognizance was broken on May 31, 1899.

The judge refused to give any of these rulings, and ruled: "That upon the facts agreed, and those which are agreed if material, the action cannot be maintained."

The judge found for the defendant; and the plaintiff alleged exceptions.

*H. E. Bolles & B. D. Barker*, for the plaintiff.

*F. H. Williams*, for the defendant.

BRALEY, J. This is an action of contract to recover from the defendant as surety the penal sum of a poor debtor's recognizance. The defence is that the execution on which the principal was arrested is void because issued and served within twenty-four hours after entry of judgment. Under Rule 25 of the Superior Court judgment may be entered on the first Monday of each month in all cases then ripe for judgment, "and the court, or any justice, may at other times order judgment to be entered in any action." Pub. Sts. c. 171, § 1. St. 1885, c. 384, § 12.

The judgment on which the execution issued was not entered under the general order, and the clerk as a ministerial officer had no authority to make the entry without the sanction of the court.

It may be assumed that after the agreement of the parties had been made and filed an order was passed directing the entry of final judgment in favor of the plaintiff for the amount of its claim and costs.

An execution would follow as of course to enforce the judgment without further action by the court. But by our laws for more than a century it has been provided that no original execution shall be issued within twenty-four hours after judgment, nor after one year has expired "after the party is entitled to

sue out the same ", and the clerk could not regularly issue such a writ contrary to these provisions. *Blanchard* v. *Waters*, 10 Met. 185, 187. St. 1783, c. 57, § 1. Rev. Sts. c. 97, §§ 5, 6. Gen. Sts. c. 133, §§ 15, 16. Pub. Sts. c. 171, §§ 15, 16.

If by a proper agreement of the parties it lawfully can be ordered by the court to issue before, in the absence of such direction no statutory authority is given the clerk in his discretion to determine judicially whether any case is thus placed without the statute, and in this case it further may be assumed that an order to issue a writ of execution accompanied the direction to enter judgment. See *Vose* v. *Deane*, 7 Mass. 280, 283.

It must be considered as settled that the invalidity of the writ may be shown and determined in a collateral suit. In a writ of entry to recover land set off to the demandant on an execution that had been issued and levied within twenty-four hours after rendition of judgment, it was held that it was open to the tenant to show these facts in bar of the action and that the execution was void. *Penniman* v. *Cole*, 8 Met. 496. See also *Briggs* v. *Wardwell*, 10 Mass. 356; *Fall River* v. *Riley*, 140 Mass. 488, 489. Although elsewhere there is authority that an execution erroneously issued cannot be attacked collaterally any more than an erroneous judgment, but the remedy is by a proceeding directly instituted in the case itself to have it set aside. *Wilkinson's appeal*, 65 Penn. St. 189. *Bacon* v. *Cropsey*, 3 Seld. 195, 199.

The entry of judgment, issuing of execution, and arrest of the defendant in the case before us all took place on the same day, and if the proceedings under the execution are void, the arrest was illegal, and the defendant cannot be held on his recognizance. *Penniman* v. *Cole*, *ubi supra*. *Smith* v. *Bean*, 130 Mass. 298. *Newmarket National Bank* v. *Cram*, 131 Mass. 204. *Atwood* v. *Wheeler*, 149 Mass. 96.

It is conceded by the plaintiff that if execution had issued without the defendant's assent it would have been a nullity. *Briggs* v. *Wardwell* and *Penniman* v. *Cole*, *ubi supra*.

But it is claimed that the debtor could waive the statutory provision made for his benefit, and if he properly did so then the execution was valid.

The case presented therefore is not one where an execution prematurely issued can be served properly after the limitation

has expired as in *Chesebro* v. *Barme*, 163 Mass. 79, or where proceedings under such an execution may be held valid on the ground that the debtor has waived the irregularity, but is a case where the arrest was made within a period, when by force of the statute alone no writ of execution could lawfully be in the hands of the sheriff for service, and also where if the debtor could lawfully waive this provision before execution, then it issued regularly.

In *Penniman* v. *Cole, ubi supra*, it was said by Hubbard, J., " The object of the provision we take to be this ; to give a judgment debtor opportunity to examine into the correctness of the judgment, the accuracy of the calculation, where a computation is to be made, and to ascertain if the costs are properly taxed. . . . The time is given for the benefit of the judgment debtor . . . to enable him to ascertain that the judgment is correct, before execution goes forth against him."

If, however, the judgment debtor for reasons entirely satisfactory to him is content to waive the provision, and assents, the reason for the rule ceases, unless there is some requirement of public policy which should keep it in force.

It has been said that where laws are enacted on grounds of general policy their uniform application for the protection of all citizens alike is desirable, and an agreement to waive their provisions is generally declared invalid, but where they are designed solely for the protection of rights of private property, a party who may be affected can consent to a course of action, which if taken against his will, would not be valid. Cooley, Const. Lim. (7th ed.) 250, 251. *Desseau* v. *Holmes*, 187 Mass. 486. *Green* v. *Blunt*, 59 Iowa, 79.

This principle has been recognized and applied in the case of a debtor, who it was held could waive his right to the statutory exemption of property provided by Gen. Sts. c. 123, § 32, which otherwise was not liable to be taken on execution. *Dow* v. *Cheney*, 103 Mass. 181. See also Pub. Sts. c. 151, § 22, where express provision is made for waiver of appeal after a final decree in equity, and property of a defendant held under Pub. Sts. c. 161, § 53, to satisfy the decree may be at once levied upon.

The section of the statute under consideration being for his benefit, the judgment debtor could waive its provisions by a

proper agreement in writing made and filed in the case. *Dow* v. *Cheney, ubi supra. Williams* v. *Shillaber*, 153 Mass. 541, 543. *Heath* v. *Latham*, 7 Ired. 10. *Catlin* v. *Merchants' Bank*, 36 Vt. 572. *Sowle* v. *Pollard*, 14 La. Ann. 287.

Whether he effectually did so depends upon the construction of the written agreement, which is for the court. *Pratt* v. *Langdon*, 12 Allen, 544.

No claim is made that it was procured by fraud or mistake, and an examination of its terms discloses no latent ambiguity, for it clearly provides that the entering of judgment, and issuing of execution thereon, to which the debtor agrees, are to be deemed concurrent acts straightway to be performed. Having been duly made and filed, and proper proceedings thereunder having been taken by the court, the execution was issued lawfully, the arrest which followed also was lawful, and the recognizance entered into by the defendant was valid.

The third ruling requested " that the execution against Joseph Dews issued on August 20, 1896, is a valid execution, the arrest thereon legal, and the recognizance valid and binding on the defendant" should have been given, and the ruling " that upon the facts agreed, and those which are agreed if material, the action cannot be maintained" was wrong.

*Exceptions sustained.*