FIRST NATIONAL BANK OF BOSTON *vs.* MARCEL L. BERNIER
& others.[1]

No. 98-P-2005.

Suffolk. February 10, 2000. - January 30, 2001.

Present: JACOBS, RAPOZA, & GELINAS, JJ.

*Practice, Civil,* Execution. *Judgment,* Default.

Discussion of G. L. c. 235, § 17, which limits the time of issuance of an
original execution to the one-year period after entitlement thereto and
permits the issuance of a new execution if the original is returned unsatis-
fied, and G. L. c. 235, § 19, which allows a creditor to obtain an execution
on an unsatisfied judgment on which no execution had previously issued
after the one-year period, upon motion or upon the bringing of a civil ac-
tion on the judgment. [757-761]

This court concluded that the first clause of G. L. c. 235, § 19, was applicable
to permit the issuance of a new execution on an unsatisfied judgment is-
sued six years before on which no execution had previously issued, upon
motion and by order of a judge after the debtor was given an opportunity
to be heard; a Superior Court judge erred in summarily allowing such a
motion, and the matter was remanded for further proceedings. [761]

CIVIL ACTION commenced in the Superior Court Department on
May 9, 1991.

An amended assessment of damages and judgment by default
was ordered entered on March 6, 1992, by *Patrick J. King,* J.,
and a motion for late issuance of an execution, filed on July 21,
1998, was allowed by *Vieri Volterra,* J.

*Wendy M. Mead* for the defendants.

*Jeffrey D. Ganz* for the plaintiff.

JACOBS, J. More than six years after obtaining a money judg-
ment[2] against the defendants (debtors), from which no appeal

---

[1] Alfred G. Trottier and Paul A. Simard.

[2] Following the entry of a judgment by default in the Superior Court on
February 24, 1992, an amended judgment was entered on April 6, 1992, in the
amount of $318,448.89, including interest.

was taken, the plaintiff (bank) sought to obtain a late issuance of an execution. A Superior Court judge allowed the bank's motion without evidentiary hearing or comment. The debtors argue that the allowance of the motion is in direct contravention of G. L. c. 235, § 17, which prohibits an original execution from being issued more than one year after final judgment has been entered.[3] We reverse the allowance of the motion and remand for further proceedings in the Superior Court.

General Laws c. 235, § 17, limits the issuance of original executions to the one-year period after entitlement thereto, subject to the exhaustion or lapse of rights to appellate review.[4] Section 17 has been a part of our statutes in several versions since 1692. St. 1692-3, c. 24, § 3. The critical time limitation language of § 17 has not varied in its essential command since that time.[5] That language is clear and unambiguous, *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977), and the use of the words "shall not" in limiting the time of issuance of an original execution imports an absolute prohibition to public officers. See *Washington Natl. Bank* v. *Williams*, 188 Mass. 103, 105-106 (1905) (the clerk "could not," without consent of the debtor, issue an execution outside the time limits of the predecessor statutes of § 17); *Hashimi* v. *Kalil*, 388 Mass. 607, 609-610 (1983).

While the bank asserts there is a dearth of case law on this issue, we conclude there are sufficient cases that speak clearly

[3]General Laws c. 235, § 17, states in relevant part as follows: "An original execution shall not issue after the expiration of one year after the party is first entitled to take it out; and an alias or other successive execution shall not issue after the expiration of five years from the return day of that which preceded it. Subject to section twenty of chapter two hundred and sixty, alias or successive executions shall be of full force and effect for five years from the date thereof unless satisfied in whole or discharged by law. All executions shall be returned to the court issuing them within ten days after their satisfaction or discharge. If any execution is returned for any reason to the court issuing the same unsatisfied in whole or in part, the court may, subject to the provisions of this section, order the issue of a new execution for the amount then remaining due."

[4]General Laws c. 235, § 16, provides that "[n]o execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof, and the receipt by the clerk of the trial court of the appropriate rescript or order."

[5]Statutes 1692-3, c. 24, § 3, states as follows: "That after one year expired next after giving [j]udgment in any [c]ourt of [r]ecord within this [p]rovince, no [e]xecution for such [j]udgment shall be issued out until a [w]rit of *[s]cire facias* hath been granted out of the same [c]ourt, and served upon the adverse party . . . ." See discussion of scire facias, *infra* at 760.

and uniformly on the time limitation. After the entry of a judgment, "the law awards the execution. . . . There is no judicial discretion to be exercised on the subject; the party may demand it of right, within the limitations as to time prescribed by the statute." *Boston* v. *Santosuosso*, 308 Mass. 202, 206 (1941), quoting from *Briggs* v. *Wardwell*, 10 Mass. 356, 357 (1813). While those cases principally involved issues of how soon after judgment a party is entitled to take out an execution, the *Briggs* court indicated, *id.* at 358, that "after the expiration of the year" the issuance of an original execution would not be lawful. In *Pease* v. *Morris*, 138 Mass. 72, 74 (1884), the court, in referring to Pub. Sts. 1882, c. 171, § 16, a predecessor of c. 235, § 17, stated that an "original execution . . . must issue within [one year of a judgment]." Compare *Nickols* v. *Foster*, 7 Mass. 62 (1810) (without citation to a statute, the court refused to stay execution "because the year would expire, within which execution must issue"); *Washington Natl. Bank* v. *Williams*, *supra* at 105-106 (citing the 1783, 1836, 1860, and 1882 predecessors of c. 235, § 17, the court stated, "for more than a century it has been provided that no original execution shall be issued within twenty-four hours after judgment, nor after one year has expired[,]" from the time a party is entitled to it). We have found no case, nor has one been cited to us, that suggests there are any exceptions to the strict ministerial observance of the one-year limitation during which an original execution may be obtained.

General Laws c. 235, § 19, states in relevant part as follows: "If a judgment remains unsatisfied after the expiration of the time for taking out execution thereon, the creditor may obtain a new execution by motion to the court in which such unsatisfied judgment was rendered, or he may at any time after the judgment, subject to section twenty of chapter two hundred and sixty, bring a civil action thereon." Although the bank correctly recognizes that this section provides, under the second clause, that a party may bring a civil action on the judgment,[6] it has not argued that it is entitled to pursue the issuance of a "new"

---

[6]General Laws c. 260, § 20, states as follows: "A judgment or decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered." A party's rights under the judgment ordinarily are not affected by its failure to obtain an execution. See *Linton* v. *Hurley*, 114 Mass. 76 (1873); *Haynes* v. *Blanchard*, 194 Mass. 244, 246 (1907); *Leventhal* v. *American Discount*

execution under the first clause. Nevertheless, we consider whether the judge's allowance of the bank's motion may have been proper under this section.

We first observe that both § 17 and § 19 speak of the issuance of a "new" execution. We therefore "follow the canon of statutory construction that where words are used in one part of a statute in a definite sense, they should be given the same meaning in another part of the statute," *Beeler* v. *Downey*, 387 Mass. 609, 617 (1982), and we do not regard any of the words of the statutes as surplusage. *Meunier's Case*, 319 Mass. 421, 423 (1946). We also construe each clause or phrase with reference to every other clause or phrase so that "all parts shall be construed as consistent with each other so as to form a harmonious enactment." *Selectmen of Topsfield* v. *State Racing Commission*, 324 Mass. 309, 312-313 (1949).

Section 17 provides that a court may order a new execution for the amount remaining due where "any *execution*," original or successive, is returned unsatisfied for "any reason,"[7] and without "further judgment or determination." *Hale* v. *Wheeler*, 264 Mass. 592, 595 (1928). Cf. *Honer* v. *Wisniewski*, 48 Mass. App. Ct. 291, 295-296 (1999).[8]

A new execution under § 19 may be obtained where a *judgment* "remains unsatisfied after the expiration of the time for taking out execution," but may be acquired only by motion.

_____

*Corp.*, 11 Mass. App. Ct. 959 (1981). See generally Shapiro, Perlin, & Connors, Massachusetts Collection Law §§ 8:2, 9:9 (2d ed. 1992).

[7]This language is taken from the last sentence of the first paragraph of § 17, see note 3, *supra*, and was added by St. 1925, c. 217, § 1.

[8]Generally, executions under § 17 are issued not by express judicial order but by ministerial action of the court's officers. See *Boston* v. *Santosuosso*, 308 Mass. at 205-206. Even when a court orders a new execution to issue where an execution is returned unsatisfied to any extent, as permitted by the last sentence of the first paragraph of § 17, the court's action is ministerial. Because an execution returned to the court will contain information from an officer authorized to deal with the execution on which a court may rely, § 17 does not require a motion procedure and judicial scrutiny before a new execution is issued.

A return is "[t]he act of a sheriff, constable, marshall, or other ministerial officer, in delivering back to the court a writ, notice, process or other paper, which he was required to serve or execute, with a brief account of his doings under the mandate, the time and mode of service or execution, or his failure to accomplish it, as the case may be." Black's Law Dictionary 1318 (6th ed. 1990). See Mass.R.Civ.P. 4(f), 365 Mass. 733 (1974); Shapiro, Perlin, & Connors, Massachusetts Collection Law §§ 9:29, 9:67 (2d ed. 1992).

Historically, the statutes preceding § 19 made the issuance of a new execution subject to first obtaining a writ of scire facias.[9] Scire facias was "[a] judicial writ directing a debtor to appear and show cause why a dormant judgment against him should not be revived." Black's Law Dictionary 1346 (6th ed. 1990). After that writ was abolished, see Mass.R.Civ.P. 81(b), 365 Mass. 841 (1974), and § 19 rewritten to conform with the new Rules of Civil Procedure, a new execution could be obtained by motion.[10] Under § 19, because an execution is being sought without any of the information which would be available to a court from the return of a previous execution as under § 17, see note 8, *supra*, the statute requires the level of process and judicial scrutiny commensurate with our motion practice. Thereby, the court's consideration of the motion and the adverse party's responses will conform to the procedure formerly followed under a writ of scire facias. A debtor therefore is provided with an opportunity to raise a claim of partial or total satisfaction of the judgment. If a new execution could not be obtained without the prior issuance of an original or a successive execution, the first clause of § 19 would be superfluous to § 17. In that case, a creditor who did not obtain an original execution within the time permitted by § 17, would not be able to enforce

[9]Section 19 has evolved separately from § 17, beginning in St. 1692-3, c. 24, § 2, which states in relevant part as follows:

"That where judgment has passed in any . . . [c]ourt . . . and [e]xecution has not been taken out and levied for [s]atisfying of the same, the [p]arty for whom any [j]udgement was so given . . . shall have a [w]rit of [*s*]*cire facias* from the [c]lerk of the [i]nferiour [c]ourt of [p]leas within the same [c]ounty in which such [j]udgment was obtained, unto the adverse [p]arty to appear before [the] said [c]ourt, to shew [c]ause (if any there be) why [e]xecution should not issue forth. And in case of [n]on-appearance, or that sufficient cause be not shewn to the [c]ourt, the former [j]udgment shall be affirmed, and execution granted accordingly . . . ."

In the statutes preceding the present § 19, the designation of an execution as "new" first appears in Revised Statutes c. 97, § 8 (1836), which states as follows: "If a judgment remains unsatisfied, after the expiration of the time for taking out execution thereon, the creditor may have a scire facias to obtain a new execution . . . ."

[10]Section 19 was conformed to the Massachusetts Rules of Civil Procedure by St. 1973, c. 1114, § 222, and St. 1975, c. 377, § 118. The latter statute inserted the present wording. Rule 69 of the Massachusetts Rules of Civil Procedure, 365 Mass. 836 (1974), provides a "[p]rocess to enforce a judgment for the payment of money," and states that the "procedure on execution . . . shall be in accordance with applicable statutes."

an otherwise valid judgment without commencing a new civil action on the judgment.

Our interpretation that new executions are available under both § 17 and § 19, but under different circumstances and procedures, not only is faithful to the process inherent in the antecedents of § 19, but gives meaning to all of its provisions as well as those of § 17.[11] Under § 17, a new execution may be issued ministerially and upon return of an unsatisfied execution, while under § 19, a new execution may be issued only on motion and by order of a judge where a judgment is unsatisfied and no original execution has been issued. This interpretation also serves the interest of judicial economy because it permits the creditor to pursue satisfaction of the judgment without having to file an additional civil action.

We conclude, in the circumstances of this case, that it was error for the judge summarily to allow the bank's motion, but because of the view we have taken of c. 235, §§ 17 and 19, we remand to permit the judge to consider the bank's motion, and any response of the debtors,[12] and to conduct a hearing if requested, to determine whether a new execution should be issued under the first clause of § 19 for any amount of the judgment not satisfied.

*So ordered.*

---

[11]There also are provisions to obtain "new" executions, by motion, in c. 235, §§ 20 and 21, where an unsatisfied judgment remains after an adverse party has recovered for an erroneous levy under a prior execution. The requirement for motions in these sections is consistent with our interpretation of § 19.

[12]The debtors responded to the bank's motion, stating that there had been a foreclosure on the property securing the promissory note underlying the judgment in this case, that the property had been sold, and that the debtors have not been provided with an accounting of the proceeds. They claimed they therefore could not determine whether the judgment had been satisfied. Because the debtors apparently have not received an evaluation of their response to the bank's motion, they should be afforded judicial scrutiny of their claim.