WILLIAMS AUTO ELECTRIC SERVICES, INC. *vs.* SANDRA M.
HEBERT & another.[1]

No. 04-P-232.

Middlesex. November 16, 2004. - March 24, 2005.

Present: GREENBERG, COWIN, & DOERFER, JJ.

*Underground Storage Tank Petroleum Cleanup Fund. Environment,* Environ-
mental cleanup costs. *Statute,* Construction. *Words,* "Reimbursement."

This court concluded that the last sentence of G. L. c. 21J, § 3, which provides
that "[n]o failure or delay of reimbursement" for environmental cleanup
costs from the Commonwealth's Underground Storage Tank Petroleum
Cleanup Fund (fund) "shall give any person any cause of action," operated
to bar a claim only when the failure or delay is caused by a State entity
charged with administering or paying such "reimbursement"; therefore,
§ 3 did not bar a plaintiff seeking reimbursement from the fund from
pursuing negligence and breach of contract claims against a licensed site
professional that was hired by the plaintiff and allegedly failed timely to
complete tasks in the application process for reimbursement, resulting in a
substantial diminution in the amount the plaintiff could recover from the
fund. [184-188]

CIVIL ACTION commenced in the Superior Court Department on
September 3, 2002.

The case was heard by *Kenneth J. Fishman*, J., on motions
for summary judgment.

*Matthew C. Donahue* for the plaintiff.

*J. Mark Dickison* for the defendants.

GREENBERG, J. General Laws c. 21J, inserted by St. 1990, c.
524, § 1, makes it possible to recoup costs of cleaning up oil
spills and leaks from the Commonwealth's Underground Stor-
age Tank Petroleum Cleanup Fund (fund) under certain
circumstances. However, G. L. c. 21J, § 3, prohibits any "owner
or operator who has a responsibility pursuant to any law with

___

[1] 21E, Inc.

respect to environmental cleanup actions" from delaying or avoiding responsibility for a cleanup "because of reliance on funds provided in this chapter or because of any failure or delay of reimbursement provided in this chapter." The last sentence of G. L. c. 21J, § 3, which is crucial to this appeal, states: *"No failure or delay of reimbursement provided for in this chapter shall give any person any cause of action or any defense to any cause of action, except as provided in section eleven"* (emphasis added).

This appeal presents the question whether the last sentence of G. L. c. 21J, § 3, prevents a plaintiff who sought reimbursement from the fund from pursuing negligence and breach of contract claims against a licensed site professional[2] who was hired by the plaintiff and allegedly failed timely to complete tasks in the application process for reimbursement. The plaintiff alleges that this failure resulted in a substantial diminution in the amount it could recover from the fund.

The plaintiff made a motion for summary judgment; the defendants opposed the plaintiff's motion and made a cross motion for summary judgment on the basis that the last sentence of G. L. c. 21J, § 3, barred the plaintiff's causes of action. The motion judge allowed the defendants' motion.[3] Concluding that the plaintiff's claims are not precluded by G. L. c. 21J, § 3, we reverse the judgment dismissing the plaintiff's claims pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

1. *The claims.* The following allegations are set forth in the plaintiff's complaint. In replacing its gasoline storage tanks at its filling station in Billerica, the plaintiff discovered that the tanks had leaked, contaminating the surrounding soil. The plaintiff alleges that it employed the defendants to assist in

[2]See G. L. c. 21A, § 19C.

[3]The defendants' motion for summary judgment was based on the legal proposition that the plaintiff's claims for negligence and breach of contract are barred by G. L. c. 21J, § 3. The defendants' opposition to the plaintiff's motion for summary judgment was premised on the proposition that there are issues of material fact concerning the plaintiff's claims for breach of contract and negligence that prevented the allowance of the plaintiff's summary judgment motion. Therefore, because we do not adopt the statutory interpretation forwarded by the defendants and adopted by the motion judge, it then follows that summary judgment should not have been granted for either party because issues of material fact exist.

overseeing the cleanup and to take care of the filings and documentation necessary for obtaining reimbursement from the fund. After the plaintiff employed the defendants for this purpose, there was a failure to meet deadlines for filings necessary under the regulations promulgated pursuant to the statute. Among other things, the defendants failed to inform the plaintiff of the deadline for securing a certificate of compliance, a prerequisite that confirms that the release occurred at a time when the site was in full compliance with the regulations. See 503 Code Mass. Regs. § 2.07 (1998). Because of a failure to acquire a certificate of compliance in a timely manner, the application for reimbursement was delayed, rendering the majority of cleanup expenses time-barred from reimbursement.

The plaintiff, therefore, alleges that the defendants' negligence in shepherding it through the administrative process of reimbursement, as it alleges that it hired them to do, resulted in a diminished benefit award. The plaintiff's complaint, sounding in negligence and breach of contract, seeks to have the defendants pay the approximately $45,000 difference between the amount it received and the sum it could have been reimbursed if a certificate of compliance had been appropriately obtained and the application for reimbursement had been timely.

In dismissing the plaintiff's action pursuant to rule 56, the Superior Court judge determined that the language in the statute was "plain and unambiguous" and incorrectly concluded that the statute precluded the plaintiff's causes of action.

2. *Scope of G. L. c. 21J, § 3.* By reading G. L. c. 21J, § 3, closely and considering its references to other sections of the statute, we conclude that it does not bar the claims in this case. In construing the last sentence of § 3, we note that "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of the enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *McNeil* v. *Commissioner of Correction*, 417 Mass. 818, 821-822 (1994), quoting from *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). While courts should look to dictionary

definitions and accepted meanings in other legal contexts, see *Oxford* v. *Oxford Water Co.*, 391 Mass. 581, 587 (1984), their interpretations must remain faithful to the purpose and construction of the statute as a whole. See *Commissioner of Rev.* v. *Wells Yachts S., Inc.*, 406 Mass. 661, 664 (1990).

Reading the last sentence of § 3 with these principles in mind, we consider (1) what triggers its application ("failure or delay of reimbursement provided for in this chapter"); and (2) what it bars ("*any* person [having] *any* cause of action or *any* defense to *any* cause of action" [emphases added]). Once it is triggered, therefore, § 3 does indeed seem to preclude claims or defenses even in cases in which the Underground Storage Tank Petroleum Cleanup Fund Administrative Review Board (board) is not a party, as the motion judge concluded. However, he misconstrued the type of "failure or delay" to which the statute refers. The words "failure or delay of reimbursement as provided for in this chapter" are best read to trigger the statutory bar against claims or defenses only when the failure or delay is caused by some State entity charged with administering or paying "reimbursement," not by an allegedly negligent licensed site professional as in this case.[4]

We note that our reading encompasses the construction of the statute as a whole, see *Commissioner of Rev.* v. *Wells Yachts S. Inc.*, 406 Mass. at 664, and comports with the canon of statutory construction that guides us to "construe each clause or phrase with reference to every other clause or phrase so that 'all parts shall be construed as consistent with each other so as to form a harmonious enactment.' " *First Natl. Bank of Boston* v. *Bernier*, 50 Mass. App. Ct. 756, 759 (2001), quoting from *Selectmen of Topsfield* v. *State Racing Commn.*, 324 Mass. 309, 312-313 (1949).

The last sentence of § 3 specifically refers to G. L. c. 21J, §, 11, as an exception to its general prohibition ("except as

---

[4]We decide here only that § 3 does not bar claims that arise out of alleged failures of a party to perform a contract just because the damages flowing from said breach or negligence are that an owner or operator somehow does not receive reimbursement from the fund. We are not presented with, nor do we seek to determine, the question exactly which entities of the Commonwealth are in a position to cause the type of "failure or delay of reimbursement" with which the statute is concerned.

provided in section 11"). Section 11 provides that claims submitted to the board pursuant to G. L. c. 21J are not to be treated as adjudicatory proceedings subject to G. L. c. 30A and that applicants "aggrieved by the denial of a claim or any other action of the board on a claim may bring a civil action in the nature of certiorari" — an exclusive remedy. Certiorari does not provide relief under circumstances such as those presented here. "[T]he requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." *Cumberland Farms, Inc.* v. *Planning Bd. of Bourne*, 56 Mass. App. Ct. 605, 607 (2002), quoting from *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 79, 83 (1968). The reference in G. L. c. 21J, § 3, to § 11, which focuses on claims against the board, suggests that § 3 as a whole pertains to claims against the board. The interpretation that we reject is overly broad and ignores the plain language of § 3.

Our construction of § 3 is also consistent with § 11. We read the prohibition in § 3 to apply only when the failure or delay of reimbursement is caused by the administering entity. In that case, § 11 directs the affected claimant to seek redress from the board through the exclusive route of certiorari, while § 3 ensures that no mistake in administering the State program will be used as a defense or cause of action in any other lawsuit. In determining that a claimant under G. L. c. 21J is not entitled to interest on any claim, this court observed that "the statute [G. L. c. 21J] makes it clear that any disbursements from the Fund are subject to appropriation. G. L. c. 21J, § 4. . . . The statute anticipates that insufficient funds may result in denial of claims or other actions and strictly limits the remedies available for those who may be aggrieved by such denial or other action. See G. L. c. 21J, § 11." *Snaxin, Inc.* v. *Underground Storage Tank Petroleum Cleanup Fund Administrative Review Bd.*, 62 Mass. App. Ct. 224, 228-229 (2004).

In addition to being harmonious with § 11, our determination that the Legislature did not intend to bar claims such as those in this case when it enacted § 3 is supported by its own definitions of "reimbursement." "Reimbursement," the statute

provides, "shall mean reimbursement *to* a claimant or payment *to* a third party on behalf of a claimant." G. L. c. 21J, § 1 (emphases added). Central to this definition is the payment of money *to* a claimant such as the plaintiff.[5] A failure or delay of "reimbursement," then, can only be attributed to entities charged with making compensatory payments *to* a claimant. The defendant's alleged failures were not of "reimbursement" as the Legislature defined the term, so § 3 is not applicable in this case. See *Snaxin, Inc.* v. *Underground Storage Tank Petroleum Cleanup Fund Administrative Review Bd., supra.*

The Legislature provided further guidance by referring specifically to "failure or delay of reimbursement *as provided for in this chapter*" (emphasis added). Since we do not treat any words as surplusage, *First Natl. Bank of Boston* v. *Bernier*, 50 Mass. App. Ct. 756, 759 (2001), we must consider what is provided for in the chapter. Chapter 21J provides a statutory scheme through which reimbursement takes place. It sets forth responsibilities for various governmental entities, including the board, the Department of Revenue, and the State Fire Marshal.[6] A failure of reimbursement "as provided for in" the statute, then, refers to a failure to reimburse in accordance with the statute's provisions. It simply has no application to the alleged negligence or breach of contract by a licensed site professional hired to assist an applicant in obtaining reimbursement.

The motion judge misconstrued the statute as barring this action against the defendants whom the plaintiff claims to have

---

[5]Using the term "reimbursement" in the statutory definition of reimbursement is a bit circular. The salient feature for us, though, still comes through; the definition focuses on the actual payment *to* a party. Webster's Third New International Dictionary 1914 (1993) defines the term "reimbursement" as "repayment" or "the action of reimbursing"; "reimburse" is defined as "1: to pay back (an equivalent for something taken, lost, or expended) to someone. . . ." This dictionary definition is consistent with our interpretation.

[6]For example, G. L. c. 21J, § 2, directs fees to be paid to the Department of Revenue from petroleum product dispensing facilities; G. L. c. 21J, § 4(*a*), lists the exclusive types of expenses for which money from the fund may be used to reimburse owners or operators of eligible sites; G. L. c. 21J, § 8, establishes the board responsible for adopting rules and regulations for the administration and collection of fees payable or collected pursuant to the chapter and reviewing, processing, and acting on claims for reimbursement; and G. L. c. 21J, § 6, provides that the State Fire Marshal shall make the reimbursement payments approved by the board.

engaged for the purpose of assisting the plaintiff with, amongst other things, its claim for reimbursement. The plaintiff's claims cannot be characterized as ones for failure or delay of reimbursement under G. L. c. 21J, § 3, and the statute does not apply.

Because there must be further proceedings, we comment briefly on the defendants' argument concerning the plaintiff's pending order against the board relating to its denial of benefits, arguing that the plaintiff has failed to exhaust its administrative remedies. There is nothing to this argument. The two actions, while related, are against separate defendants based on separate theories of recovery.

*Judgment reversed.*