CITY COAL COMPANY OF SPRINGFIELD, INC. *VS.* EDWARD J. NOONAN.

Hampden. March 3, 1997. - April 9, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*Interest. Practice, Civil,* Interest, Failure to raise issue. *Judgment,* Interest.

A defendant in a civil action who failed to raise an issue on appeal to the Appeals Court with respect to the calculation of prejudgment interest, apparent on the face of the judgment, could not raise the issue on appeal to this court. [695]

In a civil action, postjudgment interest was correctly calculated on the amount of the entire judgment which included prejudgment interest. [695-696]

A civil action was remanded to the Superior Court for a determination of the manner in which a payment by the defendant to the plaintiff pending appeal of the case should be allocated in satisfaction of the two portions of the judgment. [696-697]

CIVIL ACTION commenced in the Superior Court Department on August 7, 1986.

The case was tried before *John F. Moriarty,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael D. Parker* for the defendant.

*Steven M. Coyle* for the plaintiff.

WILKINS, C.J. This case concerns the amounts that the defendant, Edward J. Noonan, must pay to satisfy obligations stated in two parts of a judgment entered against him in the Superior Court. Noonan has appealed.[1] We transferred his appeal here on our own motion.

The defendant (1) challenges the trial judge's determination of the rate of postjudgment interest payable on one amount

---

[1]Sandra Noonan has not appealed. Noonan Energy Corporation is not named in any portion of the judgment which is challenged on appeal. The defendant, Edward J. Noonan, is the only effective appellant.

awarded to the plaintiff, (2) claims that he should not be obliged to pay postjudgment interest on those portions of the two amounts awarded to the plaintiff that represent prejudgment interest, and (3) objects that the judge did not decide that a payment of $300,000 to the plaintiff fully satisfied the amount set forth in that portion of the judgment which called for him to pay a higher interest rate than was payable on the other portion.

The circumstances of the underlying dispute are not important to the resolution of the issues on appeal. That dispute arose following the sale of the plaintiff's oil business to the defendants. There was a trial; each party appealed to the Appeals Court unsuccessfully (*City Coal Co. of Springfield* v. *Noonan*, 36 Mass. App. Ct. 1102 [1994]); and the judgment entered after rescript was in the same language as that appealed from. That judgment provided, in relevant part, as follows:

> "(1) that the plaintiff, City Coal Company of Springfield, Inc. recover of the defendant, Edwin [*sic*] J. Noonan on Count I of the Amended Complaint the sum of $113,263.18, with interest according to law;

> "(2) that the plaintiff, City Coal Company of Springfield, Inc. recover of the defendants, Edwin [*sic*] J. Noonan and Sandra J. Noonan on Counts 13 and 14 of the Amended Complaint the sum of $451,821.47, plus interest through January 10, 1991 in the amount of $202,569.90, plus attorney's fees in the amount of $10,000.00."

The different provisions concerning interest were prompted by the judge's conclusion that, as to the second amount awarded, there was an established contract rate of interest that should be used to calculate the prejudgment interest to be awarded pursuant to G. L. c. 231, § 6C. The established contract rate of interest was lower than the statutory rate of twelve per cent per annum provided in G. L. c. 231, § 6C. As to the amount recovered under the first paragraph, however, the judge awarded "interest according to law." In the context of the entire judgment, the judge's reference to interest according to law meant interest at the statutory rate of twelve per cent per annum.

1. The defendant argues that the judge erred in failing to order that prejudgment interest on the amount awarded under the judgment's first paragraph be calculated at what he says was the contract rate. Whatever the merits of that argument, it is too late to make it. The point could have been raised, but was not, on Noonan's appeal to the Appeals Court because the issue was apparent on the face of the judgment. See *Frank D. Wayne Assocs., Inc.* v. *Lussier*, 394 Mass. 619, 621-623 (1985). See also *O'Malley* v. *O'Malley*, 419 Mass. 377, 380 n.3 (1995); *Westwood Group, Inc.* v. *Revere*, 399 Mass. 146, 148 (1987).

2. The defendant next argues that postjudgment interest should run only on the amounts awarded as damages in paragraphs one and two of the judgment and not on those amounts plus prejudgment interest. Pursuant to G. L. c. 235, § 8, every judgment bears postjudgment interest "at the same rate per annum as provided for prejudgment interest" in the judgment. The defendant acknowledges that our cases have stated that prejudgment interest becomes part of the judgment on which postjudgment interest accrues, but argues that the issue has never been put to the court for decision.[2] "[E]ntry of judgment by the trial court should be the sum of the verdict and interest on that verdict to the time of said entry. Post-judgment interest should be computed on that total." Reporters' Notes to Mass. R. Civ. P. 54 (f), Mass. Ann. Laws, Rules of Civil Procedure at 77 (Law. Co-op. Supp. 1996).

Although no case holds that postjudgment interest is calculated on the amount of the entire judgment (including prejudgment interest), the failure to calculate postjudgment interest on the entire judgment would fail to recognize fully the cost of the delay in receiving money to which the plaintiff was entitled. See *Osborne* v. *Biotti*, 404 Mass. 112, 114-115 (1989) ("allowing a judgment debtor to delay payment of a money judgment, and depriving the judgment creditor of interest on the judgment during the period of delay, in effect lessens the amount of the award"). "Granting a judgment

[2]He cites the following as cases stating the general practice: *O'Malley* v. *O'Malley*, 419 Mass. 377, 382 (1995); *Sharpe* v. *Springfield Bus Terminal Corp.*, 406 Mass. 62, 65-66 (1989); *R.H. White Realty Co.* v. *Boston Redevelopment Auth.*, 371 Mass. 452, 454-456 (1976); *Boston Edison Co.* v. *Tritsch*, 370 Mass. 260, 263, 266-267 (1976); *Boyer* v. *Bowles*, 316 Mass. 90, 95-96 (1944); *Nugent* v. *Boston Consol. Gas Co.*, 238 Mass. 221, 238 (1921); *Bowers* v. *Hammond*, 139 Mass. 360, 362 (1885).

creditor interest on a money judgment from the entry of the judgment to its satisfaction is intended to place the judgment creditor and the judgment debtor in the same position they would have enjoyed had the debtor paid the judgment promptly." *Id.* at 117.

3. Noonan argues that the judge failed to take into account the fact that, early in 1992, Noonan paid $300,000 to the plaintiff. Noonan directed that the payment be applied first in full satisfaction of the amount due under the first paragraph of the judgment. He apparently argued, when judgment was entered after rescript, that the judge should rule that the entire amount due under the first paragraph of the judgment had been paid. The judge does not appear to have ruled explicitly on the point in any memorandum or order appearing in the record appendix. He may have rejected the claim implicitly when he noted in February and again in April, 1995, that counsel had advised him that neither execution entered in July, 1994, after rescript had been satisfied. The question is fairly before us in the sense that either the judge failed to pass on the question or he passed on it silently to the defendant's detriment.

It is well established that, when a debtor pays money to a creditor, absent any express agreement to the contrary, the payment is first applied to the outstanding interest obligation and then to principal. See *Plasko* v. *Orser*, 373 Mass. 40, 42-43 (1977), and cases cited. See also *Pallazola* v. *Foxborough*, 418 Mass. 639, 640 (1994). When, however, money is owed under two separate sections of a judgment, one of which applies to the debtor and the other which applies to the debtor and another, and two separate executions are issued, the situation is different. The general rule is that a debtor may select which debt the payment should be applied toward and, if the debtor makes no explicit allocation, the creditor can make the choice. See *Ramsay* v. *Warner*, 97 Mass. 8, 13 (1867); *Warren Bros. Co.* v. *Sentry Ins.*, 13 Mass. App. Ct. 431, 433 (1982); 15 S. Williston, Contracts §§ 1795, 1796 (3d ed. 1972). Cf. *Commissioner of Revenue* v. *Molesworth*, 408 Mass. 580, 582-583 (1990).

We cannot discern what happened in this case. We know that Noonan Energy Corporation, which was not named in the relevant portions of the judgment, delivered two checks on February 24, 1992, payable to the plaintiff. One check, in

the amount of $188,742.98, stated on it: "Re: Civil Action #
86-1238 Endorsement and payment constitutes [*sic*] satisfac-
tion in full of amount due under para (1), Judgment of 1/10/
91." The second check, in the amount of $111,257.02, stated:
"Re: Case #86-1238 Partial payment of $451,821.47 under
para (2), Judgment dated 1/10/91." The record appendix has
a copy of the first check on which the quoted words are
crossed out.[3] If this was a unilateral action, it was ineffective.
Absent an express agreement to the contrary, the payment
purportedly in satisfaction of the amount owed on the first
paragraph of the judgment should have been recognized as
satisfying that obligation. We have no alternative on the state
of the record but to remand the case to the Superior Court to
determine how the payment of $300,000 should be treated in
light of this opinion.

*So ordered.*

---

[3]The plaintiff tells us in its brief of a hearing, of which no record exists,
in which the parties argued about how the $300,000 should be applied. The
plaintiff did not want to accept the larger check in satisfaction of the first
paragraph of the judgment. It crossed out the quoted words. It deposited
the check after the hearing, it says, on April 3, 1992, after legal issues sur-
rounding the effect of the payment were resolved.