Kottmyer, J.
This is a legal malpractice action arising out of a contract action in which the defendants represented the plaintiff. The defendants have filed a joint motion for partial summary judgment on the issue whether interest on any judgment obtained by plaintiff in this action will be calculated in accordance with G.L.c. 231, s. 6B pertaining to torts or in accordance with G.L.c. 231, s. 6C governing contract actions. Defendants assert that plaintiff s claims are essentially tort in nature and therefore that prejudgment interest on any judgment should be calculated in accordance with G.L.c. 231, s. 6B. Plaintiffs assert that s. 6C controls.
For the reasons which follow, the defendants’ motion for partial summary judgment is allowed pursuant to Rule 56(d) in that the Court finds that interest in this case shall be calculated in accordance with s. 6B. However, the Court notes that the damages on which interest is calculated in this case shall include prejudgment interest on the judgment which would have entered in the underlying contract cases calculated in accordance with s. 6C.
BACKGROUND
In 1989, plaintiff, C.W. Keller & Associates, Inc., was subcontracted to supply custom woodwork, cabinetry, sinks and furniture to a medical office building in Worcester. Plaintiff was owed payment for these goods and services by May 18, 1989, with interest on that amount apparently accruing at 18% per annum from May of 1989.[2] The general contractor, Leonard Getty, and individual owners of the building’s condominiums partially compensated plaintiff for its work under the contract. Plaintiff retained the law firm of Cullen & Butters, P.C. to bring suit to collect the balance due. Defendant attorneys Albert Cullen and Judi Sanzo worked on these matters.[3]
As plaintiffs counsel, defendants filed four separate lawsuits in Worcester Superior Court in July 1989 *466 against Getty and several condominium owners, seeking payment under the mechanics’ lien statute. No signed copy of plaintiffs contract with Getty was submitted to the trial court in either of the two underlying cases relevant to this action, Keller v. Getty and John Liland (“the Liland action”), and Keller v. Getty and New Entity Realty, Inc. (“the New Entity action”).[4]
Complaining that defendants committed malpractice by, inter alia, failing to submit a copy of the signed contract as required by the mechanics’ lien statute, and by negligently handling a resulting appeal, plaintiff brought this suit on June 15, 1994 alleging negligence (Count I), breach of contract (Count II), and violation of G.L.c. 93A (Count III).
Defendants contend that interest accrues as of the date this action was filed in 1994, while plaintiff argues that interest accrues from May 1989, the date of the breach of contract in the underlying action. The parties have stipulated that this Court’s ruling as to the manner of interest calculation shall bind them in a subsequent trial of this action.
DISCUSSION
The sole issue presented by this motion is whether, if plaintiff prevails in this action, prejudgment interest shall be determined pursuant to Section 6B or 6C of G.L.c. 231.
General Laws c. 231, s. 6B provides that prejudgment interest in tort actions accrues at the rate of 12% from the date of filing the action.[5] Pursuant to G.L.c. 231, s. 6C, prejudgment interest in contract actions accrues from the date of the breach or demand at the contract rate or at the rate of 12%.[6]
Although an attorney-client relationship is contractual, legal malpractice claims can sound in tort or contract. See Brown v. Gerstein, 17 Mass.App.Ct. 558, 572 (1984) (in legal malpractice action alleging deceit and c. 93A violation, prejudgment interest is computed under G.L.c. 231, s. 6B). Plaintiffs claims for negligence and c. 93A violations sound in tort. The remaining count alleges that defendants breached their contract with plaintiff by failing to provide legal services which plaintiff was entitled to receive “being those which should have met recognized standards.” This claim, though couched in contract language, is premised on defendants’ failure to provide legal services with the requisite skill, and therefore is tort-based. Consequently, if plaintiff prevails, the calculation of prejudgment interest on its damages resulting from defendants’ malpractice shall be determined in accordance with G.L.c. 231, s. 6B.
Plaintiffs argument that it is entitled to prejudgment interest in this action under Section 6C misses the mark. Two categories of judgment are at issue in this case: (1) the judgments in the underlying cases affected by the malpractice: and (2) the judgment sought against the defendant attorneys in this case for malpractice. “Since the malpractice award compen-
sates for the loss of a favorable judgment..., the total value of the lost . . . judgment must first be established; this entails calculation of prejudgment interest ... on that judgment.” Power Constructors, Inc. v. Taylor & Hintze, 960 #P.2d 20, 35 (Alaska 1998). In Massachusetts, prejudgment interest in tort actions runs from the date of commencement of the action to entry of judgment, and is calculated based on the entire amount of damages. See Commonwealth v. Johnson Insulation, 425 Mass. 650, 667 (1997). Accordingly the entire amount of damages resulting from the malpractice (on which prejudgment interest will be calculated pursuant to s. 6B) includes the amount plaintiff was owed by defendants in the underlying actions, plus prejudgment interest on those amounts determined in accordance with G.L.c. 231, s. 6C.[7]
ORDER
The Court therefore rules that if plaintiff prevails in this action, it is entitled to prejudgment interest pursuant to G.L.c. 231, s. 6B on the entire amount of damages it suffered as a result of defendants’ malpractice.

The record is not clear on this point. According to two documents entitled Notice of Contract and filed with the Worcester County Registry of Deeds on May 11, 1989, plaintiff and Getty executed a written contract which required plaintiff to furnish materials on or before May 18, 1989. No copy of that contract is included in the summary judgment materials. Two documents submitted by plaintiff entitled “Acknowledgment” dated December 7, 1988 and February 17, 1989 and signed by Getty acknowledge the order and invoice amount for materials to be furnished by plaintiff to Getty. These documents bear a stamp stating, “Retain this statement— Your check is your receipt. 11/2% per month — 18% per annum 30 days or over.”

Attorney Sanzo took plaintiffs case with her when she left Cullen & Butters to work as an associate at defendant law firm, Morisi & O’Connell. Cullen’s associate, Susan Correia, also worked on plaintiffs collection case.

In the Liland case, the court in August 1989 initially entered summary judgment for Liland on the ground that plaintiff failed to comply with the mechanics’ lien statute. The court entered final judgment for Liland on April 9, 1990 and a default judgment against Getty in the amount of $9,502.35. On appeal by plaintiff, the Appeals Court reversed the summary judgment order and remanded the case for further proceedings. Subsequently, plaintiff, represented by Attorney Dallas Haines, settled the claims against Liland for $6,000.
In the New Entity case, the trial court originally entered summary judgment on August 2, 1989 against both defendants in the amount of $53,620.05. On appeal by New Entity, in June 1991, the Appeals Court vacated that decision and entered judgment in favor of the defendants because a signed copy of the contract was not before the trial court at the time it entered summary judgment.

G.L.c. 231, s. 6B reads in pertinent part:
In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages *467 interest thereon at the rate of twelve per cent per annum from the date of commencement of the action . . .

G.L.c. 231, s. 6C provides:
In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action.

The prejudgment interest under Section 6C runs at the contract rate or 12% from the date of the contract breach to the date that judgment would have entered for plaintiff, but for its attorneys’ negligence. On this record the only dates which would not be purely speculative are the date on which final judgment adverse to the plaintiff entered in the New Entity case and the date on which judgment entered following settlement of the Liland case. See Power Constructors, Inc. v. Taylor & Hintze, 960 P.2d 20, 35 (Ak. 1998) (in legal malpractice action, value of underlying cause of action must be determined as of the date of its dismissal). In Power, however, prejudgment interest on the malpractice claim accrued as of the date the malpractice cause of action accrued. In Massachusetts, in contrast, prejudgment interest in this tort case will be awarded from the date this action was filed. There is therefore a gap between the dates on which the underlying cases were disposed of by judgment or settlement and the date the malpractice complaint was filed. The parties have not addressed the question whether damages in this case include lost interest on the judgment which should have entered in plaintiffs favor in the underlying cases during that gap. See G.L.c. 235, s. 8; Mass.R.Civ.P. 54(f). See also City Coal Company of Springfield, Inc. v. Noonan, 424 Mass. 693, 695-96 (1997). The Court therefore declines to decide the issue. The Court notes, however, that plaintiffs allegations of malpractice in this case include allegations that defendants failed to notify plaintiff of the adverse judgments in the underlying cases and that plaintiff did not find out about the adverse judgment until shortly before this case was brought in 1994.