CHRISTINE E. MAHAN *vs.* ARBELLA MUTUAL INSURANCE COMPANY. January 23, 2003. *Arbitration,* Award, Confirmation of award. *Insurance,* Motor vehicle insurance. *Words,* "Judgment."

Christine E. Mahan appeals from a judgment of dismissal entered in the Superior Court following a judge's denial of her motion to confirm an arbitration award. We transferred the case to this court on our own motion and now affirm.

On March 9, 1997, Mahan was injured in an automobile accident when the car she was driving was struck by a vehicle being operated by Bruce Fagan, who had ignored a red traffic light and proceeded through an intersection. Mahan settled her claim against Fagan for the limits of his liability insurance

---

[1]Secretary of the Commonwealth.

policy and then proceeded to file an underinsured motorist claim with Arbella Mutual Insurance Company (Arbella), her insurance carrier. The parties agreed to submit their dispute concerning the amount of underinsured motorist benefits due to Mahan to arbitration. Mahan's asserted claims against Arbella pursuant to the provisions of G. L. c. 93A and G. L. c. 176D were not submitted to arbitration and therefore not considered. On April 25, 2001, an arbitrator awarded Mahan the sum of $107,000, but due to a clerical error, notification was not sent to the parties until June 4, 2001. On June 8, 2001, Mahan filed a motion in the Superior Court seeking confirmation of the arbitration award, pursuant to G. L. c. 251, § 11. She has claimed in her brief that she filed this motion in order to obtain a "judgment" so as to be able to pursue multiple damages under G. L. c. 93A, § 9 (3). On June 12, 2001, Arbella delivered a check in the amount of $107,000 to Mahan. A judge in the Superior Court then denied Mahan's motion to confirm the arbitration award on the grounds that (1) because the arbitration award had been fully paid, confirmation would serve no purpose, and (2) because the parties had agreed to arbitration, no action by the court was necessary, and "the entire dispute appear[ed] to be moot." Mahan's subsequent motion for reconsideration was denied, and a judgment of dismissal was entered.

Mahan contends that the Superior Court judge erred in denying her motion to confirm the arbitration award because the language of G. L. c. 251, § 11,[1] mandates that the court confirm an arbitration award on application of a party, and because the judge's refusal to confirm the award prevented her from pursuing the full breadth of remedies available under G. L. c. 93A.[2] The judgment of dismissal entered by the Superior Court is affirmed for the reasons set forth today in *Murphy* v. *National Union Fire Ins. Co.*, *ante* 529, 532-533 (2003). Nothing in our decision precludes Mahan from pursuing her claims under G. L. c. 93A and G. L. c. 176D. However, because Mahan has been fully paid, she is not entitled to have her arbitration award reduced to a "judgment" that may then be subject to doubling or trebling under G. L. c. 93A.

*So ordered.*

*Thomas J. Fay* for the defendant.
*Joseph G. Abromovitz* for the plaintiff.

---

[1]General Laws c. 251, § 11, provides: "Upon application of a party, the court shall confirm an [arbitration] award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections twelve and thirteen."

[2]Although Arbella submitted to the Superior Court an affidavit stating that Mahan sought to obtain a "judgment" so she could collect prejudgment interest on the arbitration award, Mahan has not raised an appellate issue pertaining to prejudgment interest.