Neel, Stephen E., J.
Plaintiffs assert claims for post-arbitration award interest from defendant insurance companies in the context of uninsured and un-derinsured motorist coverage.[3],[4] In a decision dated February 25, 2009, the Court concluded that, although the plaintiffs had no contractual right to any post-award interest, they were entitled to such interest under the common law as enunciated in Murphy v. National Union Fire Ins. Co., 438 Mass. 529, 533 (2003). Meaney v. OneBeacon Insurance Group, LLC, 2009 WL 884613 (Mass. Super.) (Neel, J.) at *3-*4 [25 Mass. L. Rptr. 308).[5] On August 14, 2009, the Court entered a scheduling order and directed the parties to address three questions:
1. What are the applicable periods of limitations for the claims under Counts IV and V?
2. What is the applicable interest rate on post-arbitration awards?
3. Are equitable defenses available to the defendants? If so, do they operate to (a) bar. liability, (b) reduce interest or (c) both?
The parties have submitted memoranda on the above issues and the Court heard oral arguments on Wednesday, January 6, 2010. The Court will address the parties’ arguments on each question in turn.
1. Statute of Limitations
There is no dispute that the claim for a violation of G.L.c. 93A is governed by a four-year statute of limitations.
As to their common-law claims, plaintiffs first argue that their claim for post-award interest is most analogous to a claim for confirmation and entry of judgment on an arbitration award pursuant to G.L.c. 251, §§11, 14, and therefore that G.L.c. 260, §20, which allows a twenty-year statute of limitations on claims to enforce a judgment, applies.[6] The Court, relying on Murphy, 438 Mass. at 532, has explicitly rejected the plaintiffs’ argument that they were entitled to a judgment confirming their award where it had already been paid. Meaney, 2009 WL 884613 at *2. The Court is hard pressed, therefore, to accept the plaintiffs’ contention that an award of post-arbitration interest constitutes a judgment where the underlying award does not.[7]
Plaintiffs further argue that, where there is no limitations period with respect to an action to confirm an arbitration award, it would be inconsistent to impose a relatively short limitations period in which to seek an award of interest. The Court sees no inconsistency. An arbitration award is a fixed amount, while an award of interest not only increases over time should the award go unpaid, but is also affected by equitable considerations, such as a delay attributable to the insured, or delay in notifying the insurer. See, e.g., Mahan v. Arbella Mut. Ins. Co., 438 Mass. 1010 (2003) (rescript). To allow an extended period of time within which to seek post-award interest would defeat the purposes of statutes of limitations, which include protecting defendants and local courts from the pros *11 ecution of stale claims. Furthermore, a twenty-year statute of limitations would also frustrate the purpose of the Uniform Arbitration Act “to further the speedy, efficient, and uncomplicated resolution of business disputes with very limited judicial intervention or participation.” Id. (internal citations omitted). See also Murphy, 438 Mass. at 534 (to encourage swift obedience to the award without necessity of court proceedings, rule in Massachusetts is that post-award interest runs from date of award).
Plaintiffs next argue that — even though the Court has concluded that they have no contractual right to post-award interest — their claim falls within the six-year statute of limitations applicable to actions in contract, because post-award interest arises from binding arbitration mandated by the applicable insurance policies, and therefore is the quasi-contractual product of a contractual agreement. Defendants respond that Murphy imposes a common-law obligation to pay post-award interest. Therefore, they argue, plaintiffs’ claims sound in tort and are subject to the three-year statute of limitations set forth in G.L.c. 260, §2A.
The Court is not persuaded that the plaintiffs’ claims arise out of implied-in-law contracts. A quasi contract is “an obligation created by law for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent . . . (C)onsiderations of equity and morality play a large part in constructing a quasi-contract... It is not really a contract, but a legal obligation closely akin to a duty to make restitution.” Salamon v. Terra, 394 Mass. 857, 859 (1985). In order to find a quasi contract, however, the Court must conclude that the parties mutually assented, at some point, to the intent and purpose of the matter in dispute. Id. at 860-61. Here, there is no evidence of any agreement between the parties as to post-award interest, which supports the view that the claim is one of tort and not contract. See, e.g., Gossels v. Fleet Nat’l Bank, 69 Mass.App.Ct. 797, 803 (2007) (relationship established by statute rather than agreement supports conclusion that claim is tort, not contract). Nor do the plaintiffs claim that the defendants failed to follow through on a promise such that the gist of the action was contractual. See Barber v. Fox, 36 Mass.App.Ct. 525, 529 (1994). Where “duties of conduct . . . are imposed by the law,” and not by any agreement between the parties, the gist of the action is one of tort, not contract. Lexington Ins. Co. v. Abarca Warehouses Corp., 476 F.2d 44, 46 (1st Cir.1973); Hyland v. Dennison Mfg. Co., Inc., 496 F.Sup. 939, 940 (D.Mass. 1980). For these reasons, the Court concludes that the three-year statute of limitations for tort actions imposed by G.L.c. 260, §2A applies to the plaintiffs’ claims.
2. Interest Rate
Plaintiffs rely primarily on Connecticut Valley Sanitary Waste Disposal Inc. v. Zielinski, 439 Mass. 263, 267-71 (2002), and Murphy, 438 Mass. at 530-31, for the proposition that post-award interest in an arbitration case is owed at a rate of twelve percent (12%). Post-arbitration interest, they contend, should be treated in accordance with the twelve percent statutory rate for post-judgment interest on court judgments. Defendants counter that, because, in enacting the Uniform Arbitration Act, the Legislature did not include a statutory interest rate for arbitration awards, the default rate is six percent pursuant to G.L.c. 107, §3
That the Legislature did not provide an interest rate for arbitration awards is not dispositive. As the defendants point out, the statute did not provide for post-award interest either. Massachusetts courts have nonetheless concluded that such interest is warranted. See, e.g., Murphy, 438 Mass. at 533-34; Reilly v. Metropolitan Prop. & Liab. Ins. Co., 412 Mass. 1006, 1007 (1992); Sansone. v. Metropolitan Prop. & Liab. Ins. Co., 30 Mass.App.Ct. 660, 663 (1991).
Nor is the Court persuaded that the provisions of G.L.c. 107, §3 are applicable. Although neither Zielinski nor Murphy addresses directly whether an interest rate other than twelve percent applies, the court in both cases affirmed interest awards at that rate. In Zielihksl in response to the plaintiffs’ request, the judge had awarded post-award interest on the principal of the award at a rate of twelve percent. Zielinski, 436 Mass. at 270. The Supreme Judicial Court concluded that the judge had erred in not calculating interest on the amount of the entire judgment which, there, included pre-award interest, and remanded for further proceedings “consistent with this opinion,” id. at 272, but did not further address the twelve percent rate which the judge had applied. In Murphy, the court similarly affirmed the grant of post-award interest in an amount equal to twelve percent of the award. Murphy, 438 Mass. at 530.
Accordingly, any award of post award interest shall be at the rate of twelve percent.
3. Equitable Defenses
For the reasons set forth in the Court’s February 25, 2009 Memorandum and Order on Motions for Summary Judgment, at 6-9, and as plaintiffs generally concede (while reserving their right to contest individual defenses on the merits), the Court concludes that equitable defenses are available to defendants as affirmative defenses, and if proved may bar liability, reduce interest, or both.
ORDER
For the reasons stated above, it is ORDERED as follows:
1. The statute of limitations applicable to the c. 93A claims is four years; the statute applicable to the common-law claims is three years.
2. The applicable interest rate on post-arbitration awards is twelve percent.
*12 3. Equitable defenses are available to defendants as affirmative defenses, and if proved may bar liability, reduce interest, or both.

 At the hearing held on Wednesday, January 6, 2010, counsel informed the Court that William Meaney and OneB-eacon had settled; those parties have been dismissed from the case. In addition, settlements were pending in the cases against Arbella, Metropolitan, Safety, and Commerce. The remaining defendants are therefore Hanover Insurance Company and Liberty Mutual Insurance Company.

 The plaintiffs’ complaint asserts claims for confirmation and entry of judgment pursuant to G.L.c. 251, §§11, 14 (Count I); breach of contract (Count II); breach of the covenant of good faith and fair dealing (Count III); violations of G.L.c. 93A, §§2, 9 (Count IV); and breach of common-law duty (Count V).

 The Court’s decision disposed of Counts I, II, and III. Remaining are Counts IV and V.

 General Laws c. 260, §20 provides that “[a] judgment or decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered.” It therefore creates a rebuttable presumption that the judgment has been paid.

 Compare, e.g., Lombardi v. Lombardi, 68 Mass.App.Ct. 407, 414 (2007), where the court held that each failure on the part of the defendant/obligor to pay child support as ordered by the court constituted a judgment like any other judgment. The court noted that “an action to enforce child support takes on the semblance of an action on a judgment.”