Kaplan, Mitchell H., J.
On January 28, 2013, the plaintiff, Anna Mont, on behalf of herself and all others similarly situated, filed an action against the defendant, Encompass Insurance Company of Massachusetts. All of Mont’s claims are predicated on Encompass’s alleged practice of paying only the full amount of judgments rendered against it and its insureds, without self-assessing and paying postjudgment interest accrued during the period from the date of judgment to the date the check in payment of the judgment was received by the judgment creditor, in Mont’s case a period of about twenty days. On June 24, 2013, Mont filed a First Amended Complaint that contains the following five counts: action pursuant to G.L.c. 175, §113 and G.L.c. 214, §3(9) (Count I), claim pursuant to G.L.c. 235, §19 (Count II), violation of G.L.c. 93A, §§2, 9 (Count III), violation of G.L.c. 93A, §§2, 9 for failure to comply with G.L.c. 176D, §3(9)(f) (Count IV), and violation of G.L.c. 93A, §§2, 9 for failure to comply with G.L.c. 176D, §3(9)(n) (Count V).
In a separate case, filed on May 1, 2013, the plaintiff, Dorchester Chiropractic, Inc., on behalf of itself and all others similarly situated, filed an action against the defendant, Tower Group Companies, formerly known as One Beacon Insurance Company, arising from Tower’s similar practice of failing to self-assess and pay postjudgment interest, in Dorchester’s case a period of about ten days. On October 16, 2013, Dorchester filed a First Amended Complaint that contains the following six counts: action pursuant to G.L.c. 235, §19 (Count I), G.L.c. 93A, §11 claim for violation of G.L.c. 93A, §2 (Count II), violation of G.L.c. 93A, §§2, 11 for failure to comply with G.L.c. 176D, §3(9)(f) (Count III), violation of G.L.c. 93A, §§2, 11 for failure to comply with G.L.c. 176D, §3(9)(n) (Count IV), continuing violations of G.L.c. 93A, §§2, 11 for failure to comply with G.L.c. 176D, §3(9)(f) (Count V), and violation of G.L.c. 93A, §§2, 11 for failure to comply with G.L.c. 176D, §3{9)(n) (Count VI).
The parties to these two cases have suggested that the possibility of settlement might be furthered if their dispute concerning the period of limitations governing Counts II and I, respectively, of the two putative class action complaints was resolved — the longer the period of limitations, the greater the number of potential class members and the greater potential damages that might be awarded to the class. To that end, at a hearing on January 9, 2014, all of the parties agreed that the only issue presently before the court for adjudication is the period of limitations that applies to Count II of Mont’s First Amended Complaint and Count I of Dorchester’s First Amended Complaint, which are both claims nominally brought pursuant to G.L.c. 235, §19. For the following reasons, if these Counts state causes of action on which relief may be granted, the applicable statute of limitations for each is three years.
BACKGROUND
The following facts are drawn from the pleadings, the materials submitted by the parties, and the docket sheets from related cases.
Mont’s First Amended Complaint
Mont is a resident of Springfield, Massachusetts. Encompass is a Massachusetts corporation with a principal place of business at 4 Batteiymarch Park, Suite 100, Quincy, Massachusetts. Encompass is in the business of servicing, issuing, and providing personal automobile insurance policies through its authorized agents throughout Massachusetts.
On November 7, 2012, following a jury trial, the Springfield District Court entered judgment in favor of Mont and against Sergey Kravchenko in the amount of $8,588.16 in the case of Anna Mont v. Sergey Kravchenko, Docket Number: 1123CV001857.[4] Mont alleges that Encompass owed Kravchenko a duty of indemnity, which required Encompass to pay the judgment rendered in her favor against Kravchenko. On November 26, 2012, Encompass’s attorney mailed a check to Mont in the amount of $8,588.16, together with a letter that states:
Re: Anna Mont v. Sergey Kravchenko
Springfield District Court, Civil Action No.: 1123CV1857
Dear Attorney DiTusa:
Enclosed please find the following relative to the above-referenced matter:
1. Settlement check in the amount of $8,588.16; and
2. Satisfaction of judgment.
Please sign and return the Satisfaction of Judgment to my office. I will then file with the Court.
Thank you for your cooperation in this matter. Sincerely,
Kevin G. Murphy
Exhibit 2 to Mont’s First Amended Complaint.
On Kravchenko’s motion, the District Court ordered that a Satisfaction of Judgment be entered on October 18, 2013.[5]
*41 Mont, nonetheless, claims that because the “settlement check” was only in the amount of the judgment, Encompass did not pay her postjudgment interest that accrued from the date of the judgment to the date the check was received, as required by G.L.c. 235, §8 and Mass.R.Civ.P. 54(f). According to Mont, Encompass did not offer any explanation for its failure to pay postjudgment interest and has similarly failed to pay postjudgment interest with respect to numerous similarly situated individuals.
Count II of Mont’s First Amended Complaint against Encompass is styled as a claim brought pursuant to G.L.c. 235, §19. Mont claims that Encompass insured Kravchenko against liability from any judgments arising out of Mont’s action against her. Mont points to §19, which states, among other things, that a plaintiff who possesses an unsatisfied judgment “may at any time after the judgment, subject to section twenty of chapter two hundred and sixty, bring a civil action thereon.”[6] Mont claims that she and each putative class member who has an “unsatisfied” judgment against Encompass, or an Encompass insured, issued within twenty years of the date Mont filed this action are members of the class, and each has a claim against Mont under §19 for the postjudgment interest due on those purportedly unsatisfied judgments.
Dorchester’s First Amended Complaint
Dorchester has a usual place of business at 1504B Dorchester Avenue, Dorchester, Massachusetts. Tower is a corporation with a usual place of business at 1 Beacon Lane, Canton, Massachusetts. On March 26, 2013, the Boston Municipal Court Department entered judgment in favor of Dorchester and against Tower in the amount of $1,622.59 in the case of Dorchester Chiropractic, Inc. v. Tower Group Companies, Docket Number: 1207SC001154.[7] On or about April 4, 2013, Tower, through its counsel, sent a check dated March 31, 2013 to Dorchester’s counsel in the amount of $1,622.69 in purported satisfaction of the judgment. The check was enclosed with a letter that states:
Re: Dorchester Chiropractic, Inc. (Sabrina OrtegaZhanay)
Vs: Tower Group Companies f/k/a, One Beacon Insurance Company
File No: 0AA248635
DI: September 1, 2006
Dear Charlie:
Regarding the above matter, enclosed please find a check in the amount of $1,622.69, which represents full payment of the plaintiffs judgment.
Thank you for your courtesy and cooperation in this matter.
Very truly yours,
Suslak & Mountain
Dennis P. Flynn
Exhibit 2 to Dorchester’s First Amended Complaint. In similar fashion to Mont, Dorchester contends that Tower’s act — sending a check which failed to include postjudgment interest — was committed willfully, knowingly, and in bad faith. Dorchester alleges that Tower has failed to pay the full amount of postjudgment interest with respect to numerous similarly situated business entities.
Count I of Dorchester’s First Amended Complaint is also styled as having been brought pursuant to G.L.c. 235, §19. Dorchester contends that it obtained a judgment against Tower on March 26, 2013 and that Tower has not fully satisfied the March 26, 2013 judgment. Dorchester brings this cause of action in Count I on behalf of itself and the putative class “for all such unsatisfied judgments for the period of time allowed for under Massachusetts law.”
DISCUSSION
The Mont Action
Relying on the language of G.L.c. 235, §19 and G.L.c. 260, §20,[8] Mont contends that she and the putative class she seeks to represent may assert claims against Encompass for failure to pay postjudgment interest that accrued on judgments entered during the twenty-year period beginning on January 28, 1993, i.e., twenty years prior to the date she filed this action. For its part, Encompass argues that, to the extent that Count II states a cause of action, the three-year statute of limitations set out in G.L.c. 260, §2A for actions sounding in tort applies.[9] Encompass contends that any right to recovery of postjudgment interest must arise, if at all, out of the postjudgment interest statute, G.L.c. 235, §8. In consequence, since such a claim could not be based in contract, it must necessarily be grounded in tort. See Ankiewicz v. Kinder, 408 Mass. 792, 795 (1990) (“A tort is a civil wrong (as distinguished from a crime), other than a breach of contract, for which . . . the law . . . provides a remedy”) (citation omitted). See also Gossels v. Fleet Nat’l Bank, 69 Mass.App.Ct. 797, 803 (2007), rev’d on other grounds, 453 Mass. 366 (2009) (where the relationship between the parties was established primarily by statute, the Uniform Commercial Code, rather than by agreement, the claim is one of tort and not of contract).
Both Encompass and Tower argue that G.L.c. 235, §8 does not incorporate interest accumulating on a judgment into a “judgment.” Rather, the judgment is rendered “upon the verdict of a jury or the finding of a justice” and includes interest computed on the amount awarded from the time of the verdict or finding “to the time the judgment is entered.” Postjudgment interest then accrues on that judgment, but does not become a part of it. In consequence, G.L.c. 235, §19 does not address postjudgment interest at all, only judgments. As will *42 be seen, the court need not address this argument in considering the Mont claim, but must with respect to the claim that Dorchester asserts.
In the Mont case, it is quite frankly difficult to consider the appropriate statute of limitations to apply to Count II without simultaneously addressing the question of whether Count II states a cognizable claim at all. In Count II, Mont alleges that she brings her “claim pursuant to G.L.c. 235, §19.” Mont’s theory of recovery under this statute fails to address either the words of the statute or its function. Section 19 first explains how a judgment creditor may go about obtaining an execution against a judgment debtor, even if the judgment creditor previously failed to obtain the execution within the one-year period proscribed by G.L.c. 235, §17. Section 19 then goes on to state that such a judgment creditor, who possesses an unsatisfied judgment, also “may at any time after the judgment, subject to section twenty of chapter two hundred and sixty, bring a civil action thereon.” See First Nat’l Bank of Boston v. Bernier, 50 Mass.App.Ct. 756 (2001). Section 19 clearly is directed to remedies that a judgment creditor, who possesses an unsatisfied judgment, may invoke against her judgment debtor. Mont obtained a judgment against Kravchenko in the Springfield District Court not Encompass. Indeed, Encompass was not a defendant in the Springfield District Court case. Mont may, in theory, have a claim against Kravchenko[10] under G.L.c. 235, §19 because Kravchenko failed to satisfy the judgment rendered against her in that case, which Mont could assert for a period of twenty years from the date of the judgment. Section 19 is, however, manifestly inapplicable to the claims Mont asserts against Encompass in the instant case, as she does not hold a judgment against Encompass but rather, for the first time, prays that a judgment enter against Encompass.
Moreover, the docket sheet for Mont v. Kravchenko, 1123CV001857, establishes that on October 18,2013, the court allowed a motion for entry of satisfaction of judgment. No appeal from that order was taken. It is questionable whether Mont has any claims that could be asserted in an action filed in the Suffolk Superior Court premised on a failure of Kravchenko to satisfy the judgment entered against her in the Springfield District Court, as those claims would appear to be a collateral attack on the order directing that a satisfaction of judgment be entered.
In any event, it is clear that Mont has no claim against Encompass under G.L.c. 235, §19. To the extent that any statutory claim for failure to pay postjudgment interest can be asserted by Mont against Encompass, it would arise under G.L.c. 235, §8, the statute which creates the obligation to pay interest on a judgment for money. The court agrees with Encompass that G.L.c. 260, §2A provides the period of limitations for claims arising out of the breach of a duty derived from such a statute.[11] Cf. Meaney v. OneBeacon Ins. Co., 27 Mass. L. Rptr. 10, 2010 WL 1253600 (Mass.Super.Ct. Mar. 3, 2010) (Neel, J.) (determining that a three-year tort statute of limitations applied to claims for post-arbitration award interest, rather than a twenty-year statute of limitations and recognizing that “[t]o allow an extended period of time within which to seek post-award interest would defeat the purposes of statutes of limitations, which include protecting defendants and local courts from the prosecution of stale claims”). See also Gossels v. Fleet Nat’l Bank, 69 Mass.App.Ct. at 803 (explaining when a relationship is established primarily by statute rather than by agreement, the claim is one of tort and not of contract).
The Dorchester Action
Unlike Mont, Dorchester obtained a judgment against Tower in the Boston Municipal Court, and there is nothing before the court to suggest that a satisfaction of judgment has been filed in that court with respect to that judgment. While Tower’s attorney sent a check for the amount of the judgment and a letter stating that the payment was in full satisfaction of the judgment (to which letter Dorchester does not allege it raised any objection), the amount paid did not include interest on the judgment from the date of its entry, March 26, 2013, to the date of the letter, April 4, 2013. Of course, the question of whether a twenty-year or a three-year statute of limitations applies to Dorchester’s Count I, brought pursuant to G.L.c. 235, §19, is entirely academic, as, if Dorchester has a cause of action under that statute, it accrued in 2013. However, as putative class members might be able to make similar allegations with respect to judgments entered more than three years ago, the court will address the question of whether the twenty-year period for bringing suits on judgments can apply to this type of claim.
As noted above, Tower argues that G.L.c. 235, §19 is not applicable to Dorchester’s claim for postjudgment interest because §19 applies only to unsatisfied judgments and not claims for unpaid postjudgment interest, where the underlying judgment has been satisfied.
As a starting point, the court agrees that §19 can only be invoked against a judgment debtor when the judgment creditor holds a judgment that has not been satisfied, in whole or in part. The Massachusetts Rules of Civil Procedure and Massachusetts statutes consistently recognize a distinction between a judgment and interest on a judgment. For example, Mass.R.Civ.P. 54(a) defines the term “judgment” as “the act of the trial court finally adjudicating the rights of the parties affected by the judgment.” See Karellas v. Karellas, 54 Mass.App.Ct. 469, 471 (2002) (stating that “[a] judgment is the act of the trial court finally adjudicating the rights of the parties including a decision by the *43 court that a party shall recover a sum certain”). By-contrast, Mass.R.Civ.P. 54(f), which addresses interest on a judgment, provides that: “Every judgment for the payment of money shall bear interest up to the date of payment of said judgment.” Similarly, the statute providing for postjudgment interest, G.L.c. 235, §8, states:
Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding. The warrant or execution issued on a judgment for the payment of money shall specify the day upon which, judgment is entered, and shall require the collection or satisfaction thereof with interest from the day of its entry.
G.L.c. 235, §8 (emphasis added). Thus, there is a clear and necessary distinction between the judgment entered by the court and the postjudgment interest that is calculated based upon the amount of the judgment and the date the judgment debtor makes payment to the judgment creditor. See Davis v. Allstate Ins. Co., 434 Mass. 174, 179 (2001) (“The clear majority of courts, interpreting a standard interest clause in a motor vehicle liability insurance policy, have held insurers liable for postjudgment interest on the entire amount of the judgment, notwithstanding the fact that the policy limits may cover only a portion of the judgment”).
In First National Bank of Boston, 50 Mass.App.Ct. at 759, another case construing the meaning of §19, the Appeals Court “follow[ed] the canon of statutory construction that where words are used in one part of a statute [G.L.c. 235, §17] in a definite sense, they should be given the same meaning in another part of the statute.” Similarly in this circumstance, “judgment” cannot reasonably have one meaning in G.L.c. 235, §8 and a different meaning in §19.
Section 19 addresses situations in which a judgment creditor has failed to collect all or a portion of the judgment issued by the court — that is, when a “judgment remains unsatisfied.” In such a case, the unsatisfied judgment creditor who has never obtained an execution may by motion ask the court to issue a “new execution,” or “bring a civil action” on the judgment. If the judgment has been satisfied, §19 is inapplicable. In consequence, the question raised by Dorchester’s claim is: Was its judgment against Tower satisfied, in whole or in part? If it was satisfied, §19, with its twenty-year limitations period, is inapplicable. If all or part of the judgment remains unsatisfied, then Dorchester, or another similarly situated putative class member, can bring a civil action on the unsatisfied portion of the judgment for twenfy years from the date the judgment entered.
In this case, the Boston Municipal Court Department entered judgment in favor of Dorchester in the amount of $1,622.59. Nine days later, Tower sent Dorchester a check in the amount of $1,622.69 accompanied by a letter which stated that the payment was “full payment of the plaintiffs judgment.” Dorchester never objected to Tower’s characterization of the payment. The court finds that under these circumstances the judgment has been satisfied, and, therefore, Dorchester, or similarly situated plaintiffs, possess no judgment against Tower that has not been satisfied, in whole or in part, and can bring no suit under §19.
This holding is consistent with the Superior Court’s decision in Meaney, supra. In that case, having found a common-law right to interest on an arbitral award from the date the award entered, even though the defendant had previously paid the amount of the award, Judge Neel considered the period of limitations in which a claim for such interest could be asserted. He rejected plaintiffs’ contention that the twenty-year period set out in §19 and G.L.c. 260, §20 could apply, and, as in this case, concluded that the three-year tort period was appropriate because the obligation to pay interest was not based on contract. In that case, Judge Neel reasoned that an “award” is not a “judgment.” Similarly, in this case, interest that may have accrued on a judgment is not part of the judgment. Moreover, Judge Neel’s comment that “ [t] o allow an extended period of time within which to seek post-award interest would defeat the purposes of statutes of limitations, which include protecting defendants and local courts from the prosecution of stale claims,” is equally applicable to this case. Where a judgment creditor accepted payment of the full amount of the judgment generally within a matter of days of the entry of the judgment, without asserting a right to additional postjudgment interest, it would be totally inconsistent with the parties’ reasoned expectations for that creditor to appear at the defendant’s door, twenty years later, demanding postjudgment interest, plus twenty years of interest accruing at twelve percent, on those few days of postjudgment interest.
In its reply brief, Dorchester cites a Superior Court decision in support of its contention that §19 should be applied to a claim for postjudgment interest even though the judgment was satisfied: Hampton Properties, LLC v. Eresian, WOCV-2010-00229-D, 2011 WL 7443921 (Mass.Super.Ct. Dec. 30, 2011) (Wilkins, J.) [29 Conn. L. Rptr. 416]. That case is inapposite.
In Hampton, the plaintiff held a wholly unsatisfied judgment in the amount of $500,000. The judgment had issued on or about July 24, 1990, and the plaintiff filed suit under G.L.c. 235, §19 to recover the judgment on January 29, 2010 (about six months before the twenty-year statute of limitations period ran). Id. at *1. The court ordered final judgment to enter in the amount of $500,000 with interest at the statutory rate from July 24, 1990. Id. at *44 *5. In the instant case, Dorchester argues that the court in Hampton inferentially allowed a twenty-year claim for postjudgment interest under §19. It did not. It allowed the plaintiff to bring a claim on a wholly unsatisfied judgment and awarded interest on that claim from the date the claim arose, i.e., the date the judgment entered. Hampton says nothing about the right to bring a claim for unpaid postjudgment interest, when the judgment was paid in full before the action was filed.
There is a further point not raised by the plaintiffs, but worth a brief comment. “It is well established that, when a debtor pays money to a creditor, absent any express agreement to the contrary, the payment is first applied to the outstanding interest obligation and then to principal.” City Coal Co. of Springfield v. Noonan, 424 Mass. 693, 696 (1997). In theory, one could argue that the check sent by Tower to Dorchester on April 4, 2013 should be applied first to $4.80 of postjudgment interest ($1,622.59 x . 12 x 9/365) and, therefore, Dorchester held an unsatisfied judgment of $4.70 at the time this action was filed. [12] The court, however, finds this allocation rule inapplicable to a brief period of postjudgment interest as to which no demand for payment was ever made and would have to be self-assessed, at least under circumstances like those in this case, where days after the judgment entered, the judgment debtor sent a letter stating that its check was in full satisfaction of the judgment and the judgment creditor did nothing to dispute that allocation. One could, perhaps, envision circumstances in which there was a live controversy concerning allocation at the time of payment of the judgment and the amount in dispute was at least marginally significant. In that event, it might be that a court could find that the amount paid by the judgment debtor had to be applied first to postjudgment interest so that some amount of the judgment remained unsatisfied. That is certainly not this case, or any other case where the putative plaintiff is similarly situated to Dorchester.
ORDER
For the foregoing reasons, the applicable statute of limitations as to Count II of Plaintiff Anna Mont’s First Amended Complaint (claim pursuant to G.L.c. 235, §19) and Count I of Plaintiff Dorchester Chiropractic, Inc.’s First Amended Complaint (action pursuant to G.L.c. 235, §19) is three years. This order may not be construed as a finding that either of these counts states a claim on which relief could be awarded to either plaintiff.

The total judgment of $8,588.16 consisted of: single damages ($5,474.00), prejudgment interest ($659.15), and costs awarded by the court ($2,455.01). The judgment stated:
On the above action, upon verdict of a jury, the issues having been duly tried or heard, and a finding or verdict having been duly rendered, IT IS ORDERED AND ADJUDGED by the Court (Hon. William P. Hadley) that the plaintifffs) named above recover of the Defendant(s) named above the “Judgment Total” shown below plus other costs as may be taxed pursuant to law, with posljudgment interest thereon pursuant to G.L.c. 235, §8 at the “Annual Interest Rate” shown below from the “Date Judgment Entered" shown below until the date of payment.

The court obtained the docket report for Mont v. Kravchenko, 1123CV001857, from the Springfield District Court clerk’s office and may properly take judicial notice of the docket. See Home Depot v. Kordas, 81 Mass.App.Ct. 27, 28 (2011) (recognizing that court may take judicial notice of docket entries and papers filed in separate cases, but may not take judicial notice of facts or evidence brought out in those separate actions). The docket reflects that on January 2, 2013, an execution on the $8,588.16 judgment issued for judgment creditor Mont against judgment debtor Kravchenko. The clerk calculated postjudgment interest in the amount of $158.23 and a total execution of $8,746.38. On July 31, 2013, Kravchenko filed a motion for entry of satisfaction of judgment. On August 15, 2013, Mont filed a motion to stay the entry of satisfaction of judgment or, in the alternative, an opposition to Kravchenko’s motion for entry of satisfaction of judgment. After several continuances, a hearing was held on October 18, 2013. The court (Mason, J.) allowed the motion for entry of satisfaction of judgment on October 18, 2013 ¡notice was sent to the parties onDecember 23, 2013.

General Laws c. 235, §19 provides that:
If a judgment remains unsatisfied after the expiration of the time for taking out execution thereon, the creditor may obtain a new execution by motion to the court in which such unsatisfied judgment was rendered, or he may at any time after the judgment, subject to section twenty of chapter two hundred and sixfy, bring a civil action thereon.

The total judgment of $1,622.59 consisted of: single damages ($76.80), prejudgment interest ($5.79), costs awarded by the court ($40.00), and attorneys fees awarded by the court ($1,500.00). The judgment stated:
On the above claim, after trial by a magistrate, the Court (Valerie Caldwell) has entered JUDGMENT IN FAVOR OF THE PLAINTIFF(S) listed above. The defendants) must pay the plaintiffls) the “Judgment Total" shown below, plus additional postjudgment interest under General Laws c. 235 §8 at the “Annual Interest Rate” shown below from the “Date Judgment Entered” shown below until the date of payment. The defendants) is required by law to pay the plaintiff(s) that total amount. Unless the defendants) failed to appear, the defendants) has a right of appeal within 10 days after receiving notice of this judgment. See the enclosed instructions for additional information.

“A judgment or decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered.” G.L.c. 260, §20.

General Laws c. 260, §2A states:
Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

The execution issued by the Springfield District Court on January 2, 2013 names only Kravchenko as the judgment debtor.

See discussion, infra

Tower mistakenly sent a check for $1,622.69.