NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1317

ALAN R. GALLOTTA & another[1]

vs.

JEFFREY G. BURNS.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Alan and Dianne Gallotta, filed a motor vehicle negligence action in Superior Court. Following a trial, the jury returned a verdict for the plaintiffs against the defendant. Judgment entered awarding the plaintiffs $360,000 in compensatory damages, $109,557 in prejudgment interest, and $3,760.87 in statutory costs, for a total of $473,317.87. On February 8, 2023, the defendant's insurer paid the plaintiffs $168,199.45, in partial satisfaction of the judgment. The defendant then moved pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974) (rule 59 [e]), to amend the judgment based on

---

[1] Dianne M. Gallotta.

[2] Codefendant Marcia A. Burns is not a party to this appeal.

this partial satisfaction, arguing that "reduction of the judgment is necessary so that any post-judgment interest may be properly calculated by the court going forward."  The judge allowed the motion, which he treated as one under Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), and directed the clerk to issue a new judgment providing that the defendant would pay postjudgment interest on "the sum of $360,000.00 . . . from May 4, 2020 up to Feb. 8, 2023 (the date of the payment in the sum of $168,199.45)" and that after February 8, 2023, postjudgment interest would "run on the sum of $191,800.55."  An amended judgment entered computing the specific costs owed.

The plaintiffs moved for reconsideration, arguing that the judge erred in ordering that the partial payment be applied only to the damages portion of the judgment, and not first against the accrued postjudgment interest.  A second judge denied their motion, stating that "awarding interest on money [the plaintiffs] now do have would comprise an undue windfall."

We agree with the plaintiffs that, as amended, the judgment contained "a particular and demonstrable error."  M.K. v. D.B., 102 Mass. App. Ct. 183, 187 (2023), quoting Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012).[3]  In general, "trial judges

---

[3] We reject the defendant's argument that the plaintiffs waived their challenge to the allocation of the partial payment

have discretion to consider the circumstances of each case . . . when deciding whether and how to halt the accrual of postjudgment interest."  H1 Lincoln, Inc. v. South Washington Street, LLC, 104 Mass. App. Ct. 256, 266 (2024).  However, in City Coal Co. of Springfield v. Noonan, 434 Mass. 709, 710 (2001) (City Coal III), the Supreme Judicial Court addressed how a partial payment of a monetary judgment must be allocated among principal, prejudgment interest, and postjudgment interest.  In that case, although the defendant contended that his partial payment should be applied to "the principal portion of the amount due" under the original judgment, the trial judge ordered that it "be applied to the outstanding interest obligation first, then to the principal."  Id. at 713.  The Supreme Judicial Court agreed, citing the "well established" rule that "when a debtor pays money to a creditor, absent any express agreement to the contrary, the payment is first applied to the outstanding interest obligation and then to principal."  Id.,

---

by failing to raise the issue in their opposition to the defendant's rule 59 (e) motion.  The defendant did not request in that motion that the partial payment be applied only to the $360,000 damages award.  Rather, the issue arose only when the judge directed the clerk to apply the payment in that manner.  The plaintiffs filed a timely motion for reconsideration of that decision and then appealed from its denial and the amended judgment.

quoting City Coal Co. of Springfield v. Noonan, 424 Mass. 693, 696 (1997) (City Coal II).

The holding in City Coal III is controlling here.  Because there is no "express agreement" between the parties "designed to govern the allocation of funds among various sections of the judgment," City Coal III, 434 Mass. at 713, it was error for the first judge to order that the partial judgment be applied exclusively to the $360,000 damages award, so that the defendant would no longer have to pay postjudgment interest on that portion of the damages award.  Instead, the partial payment should have been applied "to postjudgment interest first and then to the remainder of the sum of the principal and prejudgment interest."  Id.[4]

We similarly disagree with the second judge's statement that applying the partial payment in the manner required by City Coal III will amount to an "undue windfall."  Postjudgment

---

[4] While the plaintiffs contend at one point that the partial payment should "first be applied against the statutory pre-judgment interest accrued, then accrued post-judgment interest, and finally . . . against the underlying judgment," City Coal III required only that the partial payment be initially applied to the accrued postjudgment interest and did not distinguish between "the remainder of the sum of the principal and prejudgment interest."  City Coal III, 434 Mass. at 713.  That is understandable because, under the Supreme Judicial Court's earlier holding in City Coal II, 424 Mass. at 695, postjudgment interest must be "calculated on the amount of the entire judgment (including prejudgment interest)."

4

interest "serves to compensate the prevailing party for any delay in payment," and it "accrues daily . . . until the judgment is fully satisfied" (citations omitted).  Governo Law Firm LLC v. Bergeron, 487 Mass. 188, 201 (2021).  Here, postjudgment interest will continue to accrue on only that portion of the judgment that the defendant has not yet paid, not on money that the plaintiffs have received.

Conclusion.  We vacate the amended judgment dated May 5, 2023, and remand the matter to the Superior Court for entry of a new amended judgment consistent with this memorandum and order.

So ordered.

By the Court (Meade, Hershfang & Toone, JJ.[5]),

Clerk

Entered:  October 3, 2024.

---

[5] The panelists are listed in order of seniority.