NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-768

MAUREEN WEEKS

vs.

ESTATE OF PATRICIA POWERS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This litigation, which began in 2017, arises from a dispute between neighboring property owners concerning a drainage system affecting both of their properties. This is the third time the plaintiff has brought the case before us. Her first appeal was from the original judgment, entered after a jury trial, awarding the defendant $32,500 on its "declaratory judgment claim with statutory interest as provided by law" and an additional $20,000 in damages on its nuisance and negligence counterclaims. A panel of this court ordered a limited remand for the trial judge to reconsider the plaintiff's motion for judgment notwithstanding the verdict as to the $20,000 damages award, but otherwise affirmed the judgment in its entirety. See Weeks v.

Estate of Powers, 100 Mass. App. Ct. 1127 (2022) (Weeks I).  On

remand the trial judge again denied the plaintiff's motion for

judgment notwithstanding the verdict, and a judgment entered

reinstating the original judgment.  On the plaintiff's second

appeal, a different panel of this court affirmed.  See Weeks v.

Estate of Powers, 103 Mass. App. Ct. 1126 (2024) (Weeks II).[1]

Following the entry of judgment after rescript in the trial

court, the defendant promptly filed a request for issuance of an

execution on the judgment.  The plaintiff opposed the request,

claiming for the first time that prejudgment interest should not

be added to the $32,500 award on the defendant's declaratory

judgment claim because that award was not "compensatory."  A

different judge allowed the defendant's request and ordered that

execution issue on the full amount of the judgment "plus

interest."  Execution issued in May 2024, and the plaintiff then

filed this appeal, challenging the award of prejudgment

interest.

We agree with the defendant that the plaintiff waived her

challenge by not raising the issue of prejudgment interest in

her first appeal.  As mentioned, the original judgment stated

that "[t]he defendant will recover $32,500.00 on the declaratory

---

[1] The underlying facts of the dispute and the procedural
history are set out in Weeks I and Weeks II, and we do not
repeat that discussion here.

2

judgment claim with statutory interest as provided by law."
"[T]he application of prejudgment interest to" the $32,500 award
was therefore "apparent on the face of the judgment[] from which
the [plaintiff] initially appealed."  H1 Lincoln, Inc. v. South
Washington St, LLC, 104 Mass. App. Ct. 256, 260 (2024), rev'd in
part on other grounds, 495 Mass. 484 (2025).  Thus, because the
plaintiff could have challenged the application of prejudgment
interest in her first appeal, but did not, she has waived the
issue and cannot raise it now.  See City Coal of Springfield v.
Noonan, 424 Mass. 693, 695 (1997) (argument that prejudgment
interest should be calculated at lower rate was waived because
"the issue was apparent on the face of the judgment" and could
have been raised in earlier appeal); H1 Lincoln, supra at 261
("What [the losing parties] could not do is proceed with their
appeal on liability and the propriety of delay damages and then
-- after the Supreme Judicial Court rejected their arguments,
affirmed the judgment, and issued the rescript -- renew their
motion on the applicability of prejudgment interest").

Furthermore, even were we to put aside the waiver, we are
unpersuaded by the plaintiff's argument that the $32,500 awarded
on the defendant's declaratory judgment claim was not
compensatory.  With approval from a judge, the defendant made
extensive modifications and repairs to the drainage system,
incurring approximately $50,000 in costs.  See Weeks I, 100

3

Mass. App. Ct. 1127; Weeks II, 103 Mass. App. Ct. 1126.  The $32,500 award represented the plaintiff's share of the repair costs, based on the jury's verdict attributing sixty-five percent of the benefits of the drainage system to her.  See Weeks I, supra.  Thus, it is plain that the award served to compensate the defendant for its out-of-pocket costs, making the addition of prejudgment interest appropriate.  See Fontaine v. Ebtec Corp., 415 Mass. 309, 327 (1993) ("Prejudgment interest on compensatory damages is designed to make a plaintiff whole for the loss of money during the time it was owed but not paid").

The plaintiff's reliance on Governo Law Firm LLC v. Bergeron, 487 Mass. 188 (2021), is misplaced.  In that case the court held that prejudgment interest was unwarranted because the prevailing party's "recovery was based on the [losing parties'] wrongful gains rather than on [the prevailing party's] own losses," and the jury award already accounted for the delay between the commencement of the action and eventual recovery by "includ[ing] [the losing parties'] unjust profits gained during the time period that the case was pending."  Id. at 200.  Neither circumstance is present here.

The defendant has requested an award of appellate attorney's fees and double costs on the ground that the appeal is frivolous.  We agree that the appeal is frivolous as the plaintiff had no reasonable expectation of reversal.

4

Accordingly, within fourteen days of the date of this decision, the defendant may file an application for fees and costs. The plaintiff may have fourteen days to respond. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

<div style="margin-left: 50%;">

Order dated April 17, 2024, on the request for issuance of an execution on the judgment affirmed.

By the Court (Henry, Shin & Brennan, JJ.[2]),

Clerk

</div>

Entered: April 7, 2025.

---

[2] The panelists are listed in order of seniority.

5